## WING v. WARNER.

Decrees and orders, final and interlocutory, defined, and the distinction between them stated and explained.

Under R. S. 1838, p. 379, §§ 121, 122, no appeal lies to this court from an order of the Chancellor denying a motion for the dissolution of a preliminary injunction, heard on answer to a part, and demurrer to the residue of the bill, before the time for filing replication had expired; even though the motion was founded, in part, upon want of equity in the bill, and, in denying it, the Chancellor gave his opinion upon the merits of the controversy between the parties; such order being interlocutory merely, and not a *decree or final order* within the meaning of the statute.[*]

MOTION to dismiss an appeal from chancery.   The case is stated in the opinion of the court.

*Miles & Wilson* in support of the motion.

*O. Hawkins & E. Mundy* contra.

GOODWIN, J., delivered the opinion of the court.

The bill in this case was filed by Wing against Warner, June 19th, 1845, for the purpose of correcting certain alledged mistakes in an award made by arbitrators to whom the parties had submitted certain matters in controversy between them, and also to be relieved against the payment of $3,000, mentioned in the agreement for submission, and claimed by the complainant to be a penalty merely, and by the defendant to be stipulated damages; and for the recovery of which, as stipulated damages, the defendant had brought an action at law.   Upon the filing of the bill, an injunction was obtained against the prosecution of the action at law, upon the allowance of Justice FELCH of this court.   On the 9th of July, a demurrer was filed to a part, and an answer to the residue

---

[*] See *Prentis* v. *Rice,* and *Benedict* v. *Thompson,* post.

of the bill, and a motion was made to dissolve the injunction ; which motion was founded upon the answer and demurrer, and was also for want of general equity in the bill. On the 9th of November following, the Chancellor delivered his opinion denying the motion, with $5 costs against the defendant; and an order was thereupon entered to that effect. From this order the defendant appealed to this court; and the complainant now moves that the appeal be dismissed, on the ground that it will not lie under the statute.

R. S. 1838, p. 379, § 121, provides that "any person, complainant or defendant, who may think himself aggrieved by the *decree or final order* of the court of chancery, in any cause, may appeal therefrom to the supreme court." The next section provides that such appeal shall be claimed and entered within ninety days after the time of the making of such decree or final order, and that "the appellant shall, within the said ninety days, file a bond to the appellee," &c., "conditioned to pay, satisfy, or perform the decree or final order of the supreme court, and to pay all costs, in case the decree or order of the court of chancery shall be affirmed;" and that thereupon "all further proceedings in the cause shall be stayed in the court of chancery," &c. The statute also provides for the return to this court of certified copies of the proceedings, for the examination by this court of errors that may be found or assigned in the order or decree appealed from. §§ 124, 125.*

Is the order appealed from, a decree or final order in this cause, within the meaning of the statute ?

In the ordinary language employed in reference to chancery proceedings, the decree in a cause is the sentence or judgment pronounced by the chancellor, and passed and entered in the proceedings of the court, upon the

* The Revised Statutes of 1846, Chap. 90, § 143 to 147, contain the same provisions relative to appeals from the circuit courts in chancery.

merits of the matter in controversy between the parties, after the cause is matured and brought to a hearing before him ; and this, after the pleadings and proofs, in the ordinary and usual course of proceedings, are closed. The sentence thus passed and entered, is what is usually termed the decree. Orders in the cause, anterior to this stage of it, are more usually termed interlocutory orders ; not decrees. This common use of the term decree is in conformity to its use in the books of practice and reports.

Harrison, in his Chancery Practice, vol. 1, p. 617, defines a decree to be "the final sentence or order of the court, determining the rights of the parties in the matters in litigation, and dispensing justice between them, agreeable to equity and good conscience ;" and then, after pointing out the mode of settilng the decree, subsequent to the annunciation of the opinion of the chancellor, observes that, "passing and entering the decree are essentially requisite to the perfect completion of it." He proceeds, in the same section, to show the distinction between an interlocutory order, and a final decree made after the cause has been so brought to a hearing. In treating of orders, (vol. 2, p. 174,) he describes interlocutory orders to be "such as are antecedent to the decree."

In Lube's Eq. Pl. 115, a similar definition of the decree is given, and nearly in the same words used by Harrison. And on page 44 is found a like definition of interlocutory orders. In Moulton's Ch. Pr., p. 34, the same distinction is taken, and very clearly defined, between interlocutory orders and decrees; as is that between interlocutory decrees, or decretal orders made upon the hearing of the cause, and the final decree after every fact necessary to dispose of the merits is fully ascertained. And, I may add that these distinctions are found in all the books of practice relating to the subject. 1 Barb. Ch.

Pr. 326. See also the opinion of *Sutherland*, J., in *Kane* v. *Whittick*, 8 Wend. 224.

In *Rowley* v. *Van Benthuysen*, 16 Wend. 369, Justice *Bronson* says, "a decree in chancery, like a judgment at law, is the sentence pronounced by the court upon the matter of right between the parties, and is founded on the pleadings and proofs in the cause;" and he adds, "a decree may be final or interlocutory ; but in either case, it is an adjudication upon the merits, and not an order in relation to some collateral matter."

A final order is one which finally disposes of the whole matter of the suit; and may be either the decree itself, or an order subsequent to the decree, when something further remains to be done in carrying the decree into effect before the whole subject is finally disposed of, and a further and final order is requisite for that purpose.

Was this a decree within the statute above quoted ? A preliminary injunction had been granted, staying proceedings at law, and the court refused to dissolve it upon the demurrer and answer. It was not, however, an order made upon the final hearing of the cause upon its merits. The cause was not matured for that purpose. No replication had been put in to the answer, and the time for filing it, by the practice of the court, had not elapsed. Nor had the demurrer been brought to a hearing. In the stage in which the cause was, an application might, before a hearing could be had, have been made, to amend the bill without prejudice to the injunction, and an amendment made ; also, testimony, if requisite, or desired by either of the parties, might have been taken upon an issue made by replication ; and this the complainant might have desired to do before a final hearing. The order, then, was not a decree in the cause within the meaning of the statute. It is equally clear that it was not a final order. A preliminary injunction, or one which is awarded

anterior to the cause being brought to a final hearing, is ancillary to the suit, and for the purpose of protecting the rights of the parties, and preserving the property in controversy during the litigation. It is within the discretion of the chancellor, depending on the circumstances of the case. And orders granting, modifying, continuing, or dissolving such injunctions, are interlocutory orders. Upon the final hearing, the chancellor may dissolve such an injunction, or make it perpetual, or otherwise by the decree dispose of the subject of it, as the equity of the case, as then presented, may require; and, until then, there is no decree which, under the statute, can be appealed from.   1 Madd. Ch. 12; 2 Harr. Ch. Pr. 220; Lube's Eq. Pl. 53; 1 Moult. Ch. Pr. 189.

It is said that the Chancellor, in denying the motion, passed upon and decided the whole merits of the controversy between the parties; and his opinion has been produced and read to us to show this. It is also insisted, that the motion was, in part, founded upon alledged want of equity in the bill. As the injunction depends upon the circumstances of the case, every application for one, or for the dissolution of one, otherwise than for irregularity, necessarily involves, incidentally, in some degree, the merits of the case as then presented. But they are passed upon only for the purposes of the motion; and any opinion given, is only an expression of the reasons for the then contemplated order. Neither these reasons, nor the order made upon them, constitute the decree or final order in the cause. When the cause is brought to a hearing, upon being matured for that purpose, if the aspect of the cause is not changed by further pleadings and proofs, the opinion before expressed, if not changed on further deliberation, would pass into a decree, and be the subject of appeal. But, even then, the chancellor would not be concluded by the previously expressed

opinion, if upon further consideration he should arrive at a different determination. And, should it happen that, intervening the interlocutory order and the final hearing, a decision of this court should be made in some other cause, upon similar points in controversy, adverse to his previously expressed opinion, he would almost necessarily do so. The reasons given upon an interlocutory application, however strongly expressed upon the merits involved, are not the decree in the cause. It often happens that such applications are more or less connected with the merits of the controversy, and lead to an expression of an opinion in regard to them. For instance, the appointment of a receiver often becomes necessary, for the preservation of the subject of litigation *pendente lite*, that the party entitled may eventually have the benefit of it. 2 Madd. Ch. 222, '3; 1 Barb. Ch. Pr. 658 : 4 Wend. 173. This may be absolutely necessary, to prevent waste or destruction, and to secure to a party seeking redress from the court, the fruit of the litigation. In such cases it very frequently becomes necessary to decide, incidentally, the merits of the controversy as at that period presented. But the effect is to place the subject of it in the custody of the court, in the hands of an officer of the court, until the final hearing upon the merits, when it is disposed of according to the equities of the case.

That the construction we have given to the statute is the correct one, is also evident from its other provisions. Three months are given for the appeal; and, when taken, all further proceedings before the chancellor are suspended, until the determination of the supreme court. Can a party wait for near three months, and then, when a cause is perhaps ripe for disposition on the merits, or its position otherwise materially changed, appeal, and bring under review in this court a mere interlocutory order, previously made in the cause? Or should he be permit-

ted to appeal from every interlocutory order, incidentally affecting the merits, and eliciting an expression of opinion from the chancellor, and bring the cause here, and suspend, for the time, all proceedings before him ; and thus, by repeated appeals, protract the final determination of the controversy ?   It seems to me evident that the legislature did not so design, and that such is not the true construction of the provisions in question.   No light can be drawn to aid in their construction on this point, from the English law, or that of New York, in regard to appeals from chancery.   In England the appeal is allowed, as well from interlocutory orders, as from final decrees, upon petition to the House of Lords ; and when the appeal is from an interlocutory order, the proceedings in the court of chancery are suspended only as to the matter appealed from, and not as to other matters in the cause. 1 Harr. Ch. Pr., 680.   In New York, appeals are regulated by a statute very different from ours, and appeals from interlocutory orders are allowed ; but the time for taking them, is limited to fifteen days after the order ; while appeals from final decrees may be taken at any time within two years.

The case of *Kirby* v. *Ingersoll*, in this court, has been referred to as an authority for sustaining this appeal.   And it is for this cause that I have deemed it requisite to consider the question more minutely than would be otherwise thought requisite, and to refer thus particularly to principles which, by chancery practitioners, will be regarded as very familiar.   That was an appeal to this court from an order refusing to dissolve an injunction, and directing the appointment of a receiver.   A bill had been filed, and an injunction obtained.   Upon the bill and affidavits, an application for the appointment of a receiver was presented.   Before it was heard, an answer was interposed, and a motion made to dissolve the injunction : also, coun-

ter affidavits were presented, in opposition to the motion for the appointment of a receiver.   There was no replication to the answer, and the time for filing replication had not then elapsed.   Both motions were heard together, and the chancellor denied that for the dissolution of the injunction, and directed the appointment of a receiver of the property in controversy, and, in doing so, expressed an opinion upon the merits of the case as presented on bill and answer, and declared a certain assignment in controversy between the parties null and void.   A motion to dismiss the appeal as not warranted by the statute, was denied.   But it was stated that the court were divided in opinion; that the decision was made, in order that the cause might proceed to argument; and that the question would be open for further consideration in the cause, upon its final disposition.   A part of the court thought the appeal should be sustained, for the reason that otherwise, the interests of the appellants might be impaired before they could have any remedy.   The question was re-argued, upon the argument of the cause in chief.   Before the case was decided there were two changes in the bench of this court, and when decided, it went off on the merits, and this question was not further noticed.   See 1 Dougl. Mich. R., 477.   If, then, this case be in point, (and it is certainly somewhat analogous,) the question having been decided by an equally divided court, and left open in the manner it was for further consideration, the case cannot be considered as having the weight of authority.

Upon full consideration, then, of the case before us, and of the statute, and the course of proceeding of the court of chancery, as connected with it, I am clearly of the opinion that this appeal cannot be sustained, and that the motion to dismiss it should prevail.

It has been said that unless the appeal is allowed in such cases, a party may be subjected to injury or inconvenience by the chancellor's decision, before he can have remedy by appeal.   The answer is, that when the statute is clear, this is a consideration to be addressed to the legislature; and I apprehend that when that body shall provide for an appeal from interlocutory orders, *although* incidentally connected with the merits, other very different provisions will be made, from those now existing.   In every case, where an injunction is allowed for the preservation of the subject of controversy until the final hearing, more or less inconvenience is suffered ; but this is left to the discretion of the chancellor, and it is in his power to protect the rights of the defendant, when, by it, they may be impaired, by requiring security to him ; and it is to be presumed that in such cases he will require the security to be given.

*Appeal dismissed.*