## PRENTIS *v.* RICE, RING, AND SHOEMAKER.

Where, on petition of one of several defendants and proffer of an answer, the chancellor made an order setting aside a final decree, taken *pro-confesso*, in a foreclosure suit, and permitting the party to defend, unless the complainant should elect to assign to him the decree for a sum named in the order, and the complainant thereupon appealed to this court, from the decision of the Chancellor granting the order, *it was held*, that the appeal would not lie, for that the order was not a *decree or final order*, within the meaning of R. S. 1838, p. 379, §§ 121, 122.[*]

MOTION to dismiss an appeal from chancery.   The case sufficiently appears from the opinion of the court.

*J. V. Campbell* in support of the motion.

[*] See *Wing* v. *Warner*, ante p. 288, and *Benedict* v. *Thompson*, post.

*H. T. Backus*, contra.

· GOODWIN, J., delivered the opinion of the court.

A bill of complaint was filed by the complainant, as assignee, to foreclose a mortgage executed by the defendant Rice, to the defendant Ring, and a final decree was taken *pro confesso*, on the 20th March, 1844, for the sale of the premises, to satisfy the amount due. In September, 1844, the defendant Shoemaker presented a petition to the chancellor to set aside this decree, and for leave to put in an answer and defend; alledging facts in excuse of the default, and equitable considerations for the interposition of the chancellor upon the application, and accompanying his petition with affidavits, and an answer to the complainant's bill. The application was resisted by the complainant, who interposed an answer to the petition, accompanied also with affidavits. Upon consideration of the application, the chancellor, on the 3d of December, 1844, granted the motion permitting Shoemaker to answer and defend in respect to his equities, unless the complainant should elect to assign to him the decree upon payment, by him, to the complainant, of $400, and interest from December 16, 1841, and certain costs in the case. This condition grew out of equities alledged by the defendant Shoemaker, in his petition and answer exhibited on the application.

A motion is made to dismiss this appeal, on the ground that the order appealed from is not "a decree or final order" in the cause, within the meaning of R. S. 1838, p. 379, §§ 121, 122.*

The application made to the court of chancery was one of those frequently made to that court after a default of answer, and a bill taken as confessed. It was, to be sure, made at a late period, being after final decree, and

* See R. S. 1846, Ch. 90, § 143, *et seq.*

facts were alledged to excuse the delay. Still it was an application in that cause, by one of the parties to it, in opposition to the claims of the complainant. It is not a decree or final order in the cause, but sets aside and vacates the final decree, and lets in one of the defendants, to set up an equitable defence on his part, with the view to a further and ultimate final decree being made. It vacates the proceedings as to him, back to the period in the cause where he should have answered, from which the cause is to proceed to a final decree.

It is insisted by the counsel for the appellant, that this is in effect a decree or final order upon the merits, because, as it is alledged, the chancellor has passed upon the equities alledged by the defendant Shoemaker, and embodied his decision upon them in the order. But how are they embraced in the order? Merely in the shape of a condition. And it is a frequent occurrence to attach equitable conditions to the setting aside a default, both in courts of law and equity. The order in the case does not direct or compel the complainant to assign the decree, or the defendant Shoemaker to pay the money mentioned in it.

Shoemaker had, in his petition, insisted that he was under obligation to pay only that sum, and that upon paying it he was entitled to the mortgage; and, at the same time, he offered to pay it. The chancellor, in the order, merely says to the complainant, if you will accept this sum and assign the decree to the defendant Shoemaker, the motion shall be denied; otherwise it is granted, and Shoemaker permitted to defend, and to present, by answer, and have tried, his alledged equities, in due course of proceedings in the court. And the effect is, to enable the defendant so to do. If the complainant does not see fit to elect, according to the condition, the answer is received: he has an opportunity to reply to it, and thereupon proofs, if desired by either party, may be ta-

Benedict *v*. Thompson.

ken, and the cause then brought to a hearing, and the equities of the parties disposed of by a final decree.

The order, then, not being a decree or final order within the provisions of the statute, the appeal must be dismissed.

*Appeal dismissed.*