ROMEYN ET AL. *v.* HALE ET AL.

An order made by the chancellor denying a motion to stay a sale under a decree of foreclosure, and vacating a temporary order granted staying the sale until such motion could be heard and disposed of, cannot be appealed from.

MOTION to dismiss an appeal from the court of chancery. Romeyn obtained a decree of foreclosure against Hale, in the court of chancery, and the mortgaged premises were about to be sold under the decree, by a master, when Hale applied to the chancellor on certain affidavits and exhibits, for an order staying the sale. An exparte order was granted, requiring Romeyn to show cause, at a certain time, why the sale should not be stayed, and, in the mean time and until further order, staying a sale by the master. On cause being shown, an order was made denying the motion for a permanent stay of sale, and vacating the previous order. From this last order Hale appealed.

*Stewart & Goodwin,* for the motion.

*Joy & Davidson,* contra.

*By the court,* WHIPPLE, C. J. The only question presented for our consideration is, whether this last order is, within the true intent and meaning of the statute, such a "decree or final order," as is the subject of an appeal.

The order made by the chancellor, was for a temporary stay of proceedings under the final decree made in the cause. The order appealed from, vacated the order directing a temporary stay of proceedings, by the chancellor. It would certainly be extending the right of appeal to a degree unauthorized by the statute, and the decisions of this court, to consider an order vacating another order directing a temporary stay of proceedings under the decree, as a final order disposing of the merits of the case, within the meaning of the statute. To permit an appeal in such a case, would be extending the provisions of our statute to almost every order made by the chancellor, denying or granting a motion, subsequent to the final decree in a cause. If the complainants proceed to a sale of the mortgaged premises, and it appear by the record that such sale was unauthorized, or that the master did not execute the decree according to its terms, objection may be made upon motion to confirm the master's report, and a party aggrieved by the order of the chancellor upon such motion can appeal. If, however, the complainants take the initiatory steps for a sale under the decree, when the decree has been satisfied, or when in consequence of matters arising since the decree, he has no right to sell, the court would grant relief, either upon

facts to be presented upon a motion to confirm the sale, or upon a direct proceeding instituted by the defendant to inhibit the sale. In the case before us, the order was founded upon a motion made by Hale to stay proceedings. The reasons urged in support of the motion, were founded partly upon what appears in the record, and partly upon matters set up in affidavits. Now it is clear that the rights of neither party were concluded until the action of the court upon the report of the master; if the proceedings of the master were not warranted by the decree, the result would be that those proceedings would be set aside, and the court would be authorized to inspect all orders and decrees made in the cause and connected with the question as to whether the order to confirm should be granted or denied, to ascertain whether its mandate had been carried into execution. If, however, the objections to the confirmation do not appear on the record, the aggrieved party in a proper case has an appropriate remedy by which his rights can be protected.

It is said that a order granting a stay of proceedings, would have authorized the complainants to appeal to this court; and that if the complainants had the right of appeal, supposing the motion to have been granted, it would follow that the defendants' right of appeal cannot be questioned, as the motion was decided against him. It may be that, if the court below had granted a *perpetual* stay of proceedings, an appeal might have been taken to this court. The order as to the complainants might have concluded them as to the merits of the question presented by the motion; the same, however, cannot be said of the defendant. If he has rights, they may be asserted when presented in a proper way, and at a proper time.

*Appeal dismissed.*