return day, unsatisfied in whole or in part. Or in case of the death of the debtor, and the insolvency of his estate, by a bill framed on like principles. It is not subject to levy and sale on execution : *Brewster v. Power*, 10 *Paige*, 562; *Garfield v. Hatmaker*, 15 *N. Y.* 475.

The decree of the Circuit Court must be reversed, and the complainant's bill be dismissed with costs.

MARTIN CH. J. and CAMPBELL J. concurred.

CHRISTIANCY J. was absent.

————◄●►————

### Samuel Sellers v. John W. Botsford and others.

Appeal in Chancery taken within forty days from the time decree is drawn up and left with the register to be entered, is in time, though more than forty days from the time when the Circuit Judge announced orally what the decree would be.

*Heard January 8th. Decided January 20th.*

Appeal in Chancery from Livingston Circuit.

*O. Hawkins*, for the complainant and appellee, moved to dismiss the case, on the ground that the appeal was not claimed and entered within forty days from the time of making the decree. From the papers, it appears that the Circuit Judge orally announced the decree, September 7, 1861; that Botsford, who is the sole appellant, was present by his counsel at the time of this announcement; that the register of the Court made no entry or minute of the decree at this time; that the decree of the Court was drawn up in form afterwards, and transmitted by the Judge to the register, who received, filed and entered the same October 17, 1861, and that the appeal was claimed and entered November 4, 1861. The decree as entered is entitled of the seventh of September.

SELLERS v. BOTSFORD.

Mr. Hawkins claimed that the decree dates from the time of being pronounced by the Judge, and the time of appeal must be computed from that day. He referred to *Wal. Ch. Rep.* 72. The caption of the decree is the evidence when it was entered.

*G. V. N. Lothrop*, contra. There is no decree upon the mere oral announcement by the Judge. By the English practice, the registrar takes minutes, which are submitted to the parties, and the decree afterwards drawn up by the registrar in form. By the New York practice, the successful party draws up the decree, and submits it to the opposite party for correction and settlement. But the decree is not deemed to be entered until, after being drawn up and settled; it is left with the entering officer for that purpose:— 2 *Dan. Ch. Pr.* (*Perkins Ed.*) 1215, 1217; 10 *Paige*, 374; 11 *Paige*, 642. The signing by the Judge afterwards is only for the purpose of enrollment. The caption of the decree ought to correspond with the time of the entry: 7 *Paige*, 245. It is only from that time that either party can have any benefit from the decree: 4 *Paige*, 140.

THE COURT held the appeal to have been taken in time, and denied the motion.