<hr/>

## The Michigan Insurance Company v. Gideon O. Whittemore and others.

*Appeal in Chancery: what a "final order."* — An order of the Circuit Court in Chancery refusing to set aside a decree for irregularity, is a "final order" from which an appeal may be taken to the Supreme Court.

*Motion to dismiss appeal.* — The right of appeal, in such a case, is a statutory right; and the Supreme Court can not dismiss the appeal on motion, on the ground that the granting of the application made to the Court below was discretionary.

*Heard April 12th. Decided April 26th.*

Motion to dismiss an appeal in chancery from the Wayne Circuit.

*G. V. N. Lothrop* and *S. D. Miller*, for the motion.

*A. B. Maynard* and *C. I. Walker*, contra.

MANNING J.:

This is a motion to dismiss an appeal from an order made after a final decree in the cause, refusing to set aside the decree for irregularity, on the ground that an

appeal can not be taken from such an order. The merits of the motion in the Court below are not now before us. The only question is, whether the order appealed from is a decree or final order within the meaning of the statute. That it is final, and not interlocutory, or a step towards a further order or decree to be afterwards made in the cause, based in whole or in part upon it, there can be no doubt; and that the action of the Court in refusing it must be reviewed in this way, if at all, there is no doubt. But it is said that the granting of the motion was discretionary in the Court below. Conceding it to be so, how is this Court to determine that question, without looking into the nature and merits of the motion on which the order appealed from was made? and how can it do this on a motion to dismiss the appeal, without inquiring into the merits of the appeal itself? There may be no ground for the appeal, but that does not go to the right to appeal. They are separate questions; and yet they have been argued together as though the right to appeal depended on the merits of the case made on the motion in the Circuit Court. If the appeal was not a statutory right, but had to be allowed by this Court, it would be proper before allowing it to so far look into the merits of the case as to see that there was some ground for allowing it. But we can not on a motion to dismiss an appeal, regularly taken, decide on the merits of the case appealed. The motion must therefore be denied.

CHRISTIANCY J. concurred. MARTIN CH. J. dissented. CAMPBELL J. did not sit in the case.