## David Demaray v. Wm. N. Little et al.

*Appeal in chancery: Final order.* An order opening biddings before confirmation, and directing a new sale on condition that a larger bid shall be made, is not appealable.

Our statutes regulating chancery sales do not dispense with the practice requiring confirmation, but are to be construed in the light of that practice which has always been recognized as consistent with them.

*Heard and decided October 23d.*

Appeal in Chancery from Saginaw Circuit.

This was a foreclosure suit, and a decree having been rendered, the property of Little, sworn to be of, the value of $20,000 or $25,000, was sold and bid in by Henry C. Potter for $11,750. After the sale Little applied to the Circuit Court to set aside this sale and order a re-sale for reasons shown in his petition, and the court made an order for a re-sale on condition that at least $16,000 should be bid, and that then Potter's money with interest and costs should be refunded to him; but in case the sum of $16,000 was not bid, then Potter's purchase should stand confirmed. Potter appealed from this order.

The case coming on for hearing, a preliminary question was suggested as to whether the order, from which the appeal was taken, was such a final order as came within the statute which confines the right of appeal to decrees and final orders. The court directed this question to be argued separately.

*Wm. L. Webber,* for complainant in original bill.

*S. M. Green,* for H. C. Potter, appellant.

*Gaylord & Hanchett,* for appellees.

DEMARAY v. LITTLE ET AL.

COOLEY CH. J.

The jurisdiction of this court over appeals in chancery is entirely statutory, and we can not assume to exercise authority, even by consent, where the statute has not given it. The legislature has given us jurisdiction only in cases where an appeal is taken from a decree or final order. Is the order in this case a *final* order? Manifestly it is not. It did not assume finally to dispose of the rights of the appellant, but left them subject to the contingency of future biddings; the sale to appellant to stand confirmed unless those biddings reached $16,000. We can not, therefore, say on this record that petitioner will not have his sale confirmed to him. If, however, a new sale has taken place to another person, it will only be when that sale is confirmed by the Circuit Court in chancery that any final order will be made upon petitioner's rights. It is objected, however, that the statutes do not provide for any order of confirmation for such sales, and that they are complete when a deed is given. Our statutes, however, were not intended to do away with the practice which in this state has always required an order of confirmation. The statute does not by any means set forth completely the course of proceedure in these cases, but it is supplemented by the pre-existing rules and practice.

Without, therefore, expressing any opinion on the question whether we have authority to review an order setting aside a sale, I am satisfied this appeal should be dismissed.

GRAVES J. concurred.

CAMPBELL J.

I think, when we adopted the New York statute, we took it as practically and legally construed, and the practice in this state has always held sales under foreclosure decrees subject to confirmation. When the statute speaks of the effect to be given to a deed, it means only to speak of

the effect it shall have after it becomes operative, and not to say when it shall become operative. Until a sale is confirmed, it is subject to the discretionary power of the court to open it for any sufficient cause; and we must assume that the courts in chancery will always act upon a proper sense of what the rules of justice require.

No right becomes fixed in the purchaser until the sale becomes absolute by confirmation, and an order, opening a sale not yet confirmed, is, in no sense, therefore, a final order, but is purely a question of practice, to be determined by the court below. The distinction has always been recognized in this court between those orders which are final as to rights and proceedings, and those which are not. A decree is final, and may be appealed, but an order opening a decree is held not final, because it remits the rights of the parties to further decision. So a confirmed sale confers vested rights, and an order of confirmation, or an order opening such a sale would be appealable because operating directly on rights by fixing or divesting them; whereas, before confirmation, there is no vested right to be reached.

I think, therefore, that this order was not open to appeal, but was discretionary, and that the case must be dismissed.

CHRISTIANCY J. concurred.