## Charles Kingsbury v. Asa Kingsbury.

*Appeal in Chancery: Order confirming a Commissioner's report.* The confirmation of the report of a Commissioner upon a reference to examine and state a partnership account,—there having been no pre-adjudication upon the questions involved in the reference,—is not a decree or final order which may be appealed.

*Practice in Chancery : Commissioner's report.* It is not necessary to except to the conclusions of a Commissioner, either of law or fact, if the statement of facts found, on which he bases his conclusions is satisfactory. The Court will decide as the facts reported warrant. A Commissioner's report stands in the same relation to a decree, as a verdict to a judgment.

*Heard April 14. Decided April 19.*

Motion to dismiss an appeal in Chancery from the Cass Circuit.

The bill was filed by Charles. Kingsbury against Asa Kingsbury for an account of partnership dealings, and transactions, and the cause having been brought to a hearing on bill and answer, the Court " ordered that it be referred to Strother M. Beeson, a special Commissioner, to take an account between the parties as to all matters growing out of their partnership relations, and that said special Commissioner state said account from the first day of August, A. D. ( 1842 ), eighteen hundred and forty-two ; and also a separate statement of said account commencing at the date of the partnership articles referred to in ˈsaid bill, to wit, April twenty-fifth, in the year of our Lord one thousand eight hundred and forty-four. In taking of such account, the said Commissioner is to make to all parties just allowances, with a statement thereof. And for the better taking of the same, and the discovery of the matters aforesaid, they are to produce before said special Commissioner, on or before the twentieth day of September next, and leave with said special Commissioner, all deeds, mortgages, bonds and transfers, conveyances, books, papers and writings, in their custody, or power, relating to said partnership transactions whether the said transactions have been conducted in the name of the co-partnership or either of the parties thereto, and also an inventory of all personal property, including moneys ; and said parties are to be examined on interroga-

tories or otherwise, as the said special Commissioner shall direct; and the said special Commissioner is hereby directed to make a report of the matters hereby referred to him, with all convenient speed, and if in taking said account any special matter shall arise, the said Commissioner is at liberty to state the same."

The Commissioner proceeded to take testimony which he certified to the Court with his opinion thereon; to which exceptions were taken by the complainant. The cause was brought on to be heard upon the exceptions, all of which were disallowed, and the report of the Commissioner was confirmed. The complainant appeals to this Court; and the defendant moves to dismiss the appeal.

*D. Blackman*, for the motion.

*C. I. Walker, contra.*

CAMPBELL, CH. J.

A motion is made to dismiss this appeal on the ground that the order confirming a Commissioner's report upon a partnership accounting, is neither a decree nor a final order, as contemplated by the statute regulating appeals.

The appellant claims that the order does in fact decide upon the merits, and is therefore a decree. If it does so adjudicate, it was held in *Campau v. Lewis, 14 Mich. 460,* that it would be appealable, though not deciding the whole case; and if, as claimed, the rights passed upon, can not be reviewed at all unless on this appeal, there can be no doubt of its propriety. But we think the nature of the order and its consequences have been misapprehended.

The order under which the reference was had in this cause did not adjudicate finally upon anything, and merely required the Commissioner to examine and state the accounts of the partnership, without first adjudging when it was made, or on what terms, and without attempting to pre-

judge any important fact whatever. Until the report should come in and become absolute, there could be no decision at all upon the real merits of the cause. The proceedings reported were expected to enable the Court to obtain a proper basis for decision.

But a mere confirmation of the report, is not a final decision of the cause. The case must after such confirmation be brought on to be heard, and upon the final hearing, if the facts are sufficiently presented to make a decree, the Court will then proceed to adjudicate and direct what remedy is to be had against either party and give its decree in such a shape that it can be enforced. The present order contains no such feature.

In acting upon a report, the Master or Commissioner's conclusions either of law or fact, are of no consequence, if not sustained by the facts found on which he bases them. The Court will decide as the facts warrant, and if the parties are satisfied with the facts themselves, they need not except because the Commissioner has mistaken the legal consequences.—*Adams v. Claxton 6 Ves. 226.*—And it is always in the power of the Court before decree to send the case back to the Commissioner, or to order an issue, even, if there is such doubt as seems to require it.—See *3 Dan. Ch. Pr. 1492, 1494-5, 1498, 1499, 1500, 1506.*—While, of course, these steps are not often taken, yet the Court will always be at liberty to postpone its decree, so long as there is not sufficient material to come to a conclusion.

A confirmed report, at best, stands in the same relation to decree, as a verdict to a judgment. It may be almost certain that the decree will follow it, but it cannot be enforced until the decree is entered.

There are many cases where orders are made that purport to pass upon the merits, which will illustrate the same principle. An order taking a bill as confessed does not amount to a decree. The Court upon reading the bill may think it affords no ground for relief and it may be opened

for cause shown, to let in a defense, even where the bill is good. But the plainest case, and the one most nearly resembling this,—as it is regarded by the appellant,—is that of an order sustaining a demurrer, which has been held merely interlocutory, unless it goes on to dismiss the bill.—*Blackwood v. Van Vleet 10 Mich. R. 398 ; Heirs of de Armas v. U. S. 6 How. R. 103.*—A case is in law undecided, notwithstanding any expressions of opinion, so long as there is no decree capable of enforcement, or enforcing itself. See further— *Newbould v. Stewart 15 Mich. 155 ; Sellers v. Botsford 9 Mich. 490.*

The order in question, not being a decree, is not appealable. It has no analogy to the other class of appealable decisions known as final orders, the nature of which we have several times been called upon to consider. Decrees relate directly to the merits of the controversy, and are decisions made upon the issues in the cause. Whenever finally adjudicating upon those matters, they are necessarily final as to both parties and therefore either, if aggrieved, may appeal. But what are known as final orders are adjudications upon motions or other applications, not involving a hearing upon pleadings and proofs, but upon other issues interlocutory or collateral, whereby some supposed right of a party is definitely cut off, or some liability fixed upon him. Usually, if not always, an order made on such a side hearing is only final if made in a certain way ; whereas, if the decision had been otherwise it would have been interlocutory ; while an absolute decree made in favor of either party is final. If the decision of a motion opens a case it is not generally final, unless it cuts off some acquired right under a decree. If it closes the matter and precludes any further hearing or investigation it is final. For illustrations of this we refer to *Benedict v. Thompson 2 Dougl. R. 299 ; Webster v. Hitchcock, 11 Mich. R. 56 ; Bullard v. Green, 9 Mich. R. 222 ; People v. Simonson, 9 Mich. 492 ; Michigan Ins. Co. v. Whit-*

*temore, 12 Mich. 311; Romeyn v. Caplis, 17 Mich. R. 449.* In all these cases the orders were regarded as final.

For instances of orders not final, we refer to *Prentis v. Rice, 2 Doug. 296; Wing v. Warner, 2 Doug., 288; Romeyn v. Hale, 1 Mich. 93; Caswell v. Comstock, 6 Mich. R. 391; Enos v. Sutherland, 9 Mich. 148; Bennett v. Nichols, 12 Mich. 22; Perkins v. Perkins, 10 Mich. 425; Newbould v. Stewart, 15 Mich. R. 155; Duncan v. Campau, 15 Mich. 415; Demaray v. Little, 17 Mich. 386; Boinay v. Coats, 17 Mich. R. 411.*

No rights have yet been lost to the appellant and until it is known what decree the Circuit Court will render upon the final hearing, it cannot be known which party will have cause to be dissatisfied. When the decree is made, if it should be adverse to the appellant, he will be able to raise on appeal the same questions which would be open if this order were appealable.

This appeal must be dismissed with costs of the motion.

The other Justices concurred.