CURTIS M. TUCKER v. CHESTER A. STONE ET AL.

*Appeal—Final order—Notice of perfection of appeal.*

1. An order denying a petition to correct a final decree in a fore-
   closure suit, made after the time for appealing from the decree
   has expired and after the refusal of the circuit judge to extend
   the time for taking such appeal, is a final and appealable
   order.

2. A delay of 7 days after the expiration of the 20 days limited by
   Supreme Court Rule No. 14 in serving notice of the perfection
   of an appeal is not a sufficient reason, in and of itself, for
   dismissing the appeal, where the opposite party has not been
   damaged by such delay.

Appeal from Newaygo. (Palmer, J.) Argued June 7,
1892. Decided June 10, 1892.

Bill to foreclose a mortgage. Complainant moves to
dismiss appeal. Motion denied. The facts are stated in
the opinion.

*Edgar L. Gray,* for motion.

*W. D. Fuller, contra.*

PER CURIAM. The original decree in this case was
entered October 30, 1891, and was $1,378.21 too large.
November 28, 1891, defendant Stone filed a petition to
vacate the decree and orders *pro confesso* and of reference,
and to set aside the commissioner's report of amount
due, and for leave to file a sworn answer and make
defense. This was denied December 10, 1891, but the
court made an order opening the decree and report for
the purpose of deducting the admitted excess of $1,378.21,
and permitting defendant to reduce the decree still further
by showing payments, if any, upon the note and mort-

gage. December 28, 1891, the parties came into court in pursuance of such order, but no additional proofs were taken, and thereupon a final and corrected decree was entered for $5,350, and the appellant was decreed to be personally liable for that amount. A petition was made and noticed for hearing on January 11, 1892, to correct the decree in so far as it made Chester A. Stone personally liable, on the ground that the bill showed on its face, as did also the commissioner's report, that the note accompanying the mortgage was outlawed several years before the foreclosure suit was commenced, and that the court announced orally that no decree would be made charging said Stone with personal liability, and that the decree as filed was settled without notice to his solicitor. This notice was waived by such solicitor in open court, but upon the expectation that the decree would be settled as orally announced. An order was made March 12, 1892, denying this petition, at which date the time for appealing from the decree sought to be corrected had expired, and the circuit judge had refused to extend time for taking appeal. A claim of appeal from the order refusing to correct the decree, and the requisite bond, were filed April 21, 1892. The register made his return May 5, 1892. Notice of perfecting appeal was mailed to complainant's solicitor May 18, 1892, being 7 days after the expiration of the 20 days fixed by Supreme Court Rule No. 14.

Complainant moves to dismiss the appeal on the ground, first, that it is not a final order. There is no doubt that this is a final order. See *Webber v. Randall*, 89 Mich. 531, and cases cited; *Kingsbury v. Kingsbury*, 20 Id. 215. This order finally closes the case as against defendant. It was held in *Mich. Ins. Co. v. Whittemore*, 12 Mich. 311, that an order refusing to set aside a decree for irregularity was a final order, and appealable.

The delay in serving notice of perfection of appeal, which is another ground urged for the dismissal of the appeal, has been of no hurt or damage to complainant, and is not sufficient, in and of itself, to warrant a dismissal.

The other objections go to the merits of the order, which we cannot consider on this motion.

The motion will be denied, with costs.