DETROIT SOCIETY FOR THE STUDY AND PREVENTION OF
TUBERCULOSIS *v.* DETROIT SOCIETY FOR THE STUDY
AND PREVENTION OF TUBERCULOSIS.

APPEAL AND ERROR—PARTIES—DISMISSAL—MOTIONS.
Appellee's motion to dismiss an appeal because certain defend-
ants were not made parties to the appeal or notified thereof,
is denied, where the appellant was a corporation that was pri-
marily interested in the decree, the other defendants were
officers of the appellant, and had no personal interest in the
result of the case, and waived their right to appeal, where
one of the defendants expressly waived all notices, etc., and
where other defendants performed a part of the decree of the
lower court, and were willing to abide by the result of the
appeal, and defendants filed affidavits in opposition to the
motion, disclaiming any rights or interest except as officers
of defendant and appellant.

Bill by the Detroit Society for the Study and Prevention
of Tuberculosis, an unincorporated association, against the
Detroit Society for the Study and Prevention of Tubercu-
losis, a corporation, and Harriet R. McGraw, Austin E.
Wing, Charles Moore, and the Detroit Tuberculosis San-
atorium for an injunction and other relief. On motion
of complainant to dismiss the appeal. Submitted June 3,
1911. (Calendar No. 24,579.) Motion denied October 2,
1911.

*Lucking, Emmons & Helfman* (*Weadock, Carey &
Armstrong,* of counsel), for the motion.

*Herbert V. Barbour,* contra.

BLAIR, J. This is a motion to dismiss an appeal for
the following reasons:

"(1) Because Harriet R. McGraw, Austin E. Wing,
Charles Moore, and Detroit Tuberculosis Sanatorium, a
Michigan corporation, parties defendant in the court
167 MICH.—7.

below, are each and every one of them necessary and indispensable parties in this court and cause on appeal, and the appellant has not joined said last-named parties on this appeal, either as appellants or appellees, nor has appellant brought said parties before this court in any way on this appeal, nor given said parties any notice thereof.

"(2) Because the appeal is frivolous, and made for purposes of delay."

For several years prior to June 2, 1910, the complainant, for the purposes indicated by its name, had been collecting funds by public donations on the 9th day of June, in each year, designated as "tag day," and had made its preparations to make a similar collection on June 9, 1910. On June 2, 1910, a number of complainant's members organized a corporation of the same name as complainant, claiming to be regularly organized as the successor of, and entitled to, the property of the complainant. Complainant had a finance committee to take charge of "tag day" funds, of which defendant Wing was treasurer, who had in his hands, on June 9th, a balance of about $1,500, and received from donations on that day about $14,000. Defendant Harriet McGraw is president of appellant, and defendant Moore the treasurer.

On July 28, 1910, complainant filed its bill of complaint in this cause against the defendants named in the title, and praying:

That defendants be required to appear and answer. That a temporary injunction be issued, restraining defendants from disbursing or paying out said "tag day" funds, and from destroying and altering complainant's books, records, etc. That complainant be decreed to be still in existence, as an unincorporated society, for the purposes for which it was organized, and that no other person or corporation is or has ever been its successor as to its duties, functions, moneys, books, or other property, and that its board of trustees consists of nine members, which number has never been lawfully changed or increased. That complainant be decreed to be the owner of all the "tag day," 1909, funds, and that defendant Austin

E. Wing be required to account to complainant therefor. That complainant be decreed to be the owner and entitled to possession and control of all funds collected on "tag day," 1910, and that defendant Charles Moore be required to account to complainant therefor. That a permanent injunction be issued, restraining defendant Detroit Society for the Study and Prevention of Tuberculosis, a corporation, from interfering with complainant or its officers carrying on its work, and from using the name, "Detroit Society for the Study and Prevention of Tuberculosis." Prayer for general relief.

Defendant Detroit Tuberculosis Sanatorium, a corporation, also appeared and answered said bill and filed a cross-bill, making complainant and its codefendants in the original bill parties defendant. The allegations of the cross-bill were in substance as follows:

That it was organized on November 20, 1909, under the laws of Michigan, for the purpose of erecting and maintaining a tuberculosis sanatorium at Detroit; that at a certain meeting of the Detroit Society for the Study and Prevention of Tuberculosis, an unincorporated society, it was decided to turn over to cross-complainant one-half of all "tag day," 1910, funds, which was duly ratified by subsequent meetings, and that the public made its donations on said "tag day" with the understanding that one-half thereof was to go to cross-complainant; that on "tag day," 1910, upwards of $14,000 was donated, which was turned over to Austin E. Wing; that cross-complainant has conducted its affairs and operations relying upon receiving said one-half of said "tag day," 1910, funds.

Appellant, Detroit Society for the Study and Prevention of Tuberculosis, a corporation, admitted the above allegations in said cross-bill as true. Complainant and cross-defendant, Detroit Society for the Study and Prevention of Tuberculosis, a voluntary society, answered said cross-bill and admitted all its allegations. A decree was entered for complainant, and the defendant Detroit Society for the Study and Prevention of Tuberculosis, incorporated, appealed therefrom to this court.

It appears from the affidavits in opposition to the motion that at the time of the approval of the bond and set-

tlement of the case on appeal the attorney of appellant represented the defendants Harriet McGraw and Charles Moore—

"And that these defendants did not join in the appeal taken by this court, as they were not personally affected by a reversal or affirmance of the decree entered in the Wayne circuit court, and waived their right to appeal; that these defendants, Harriet R. McGraw and Charles Moore, held whatever funds they had in their possession simply as officers of the society, and for the further reason that they had no direct interest in the disposition of the moneys in their possession; * * * that Keena, Lightner & Oxtoby appeared at the trial of said cause in the Wayne circuit court for Austin E. Wing, * * * and that he informed Mr. Oxtoby that an appeal was being taken by the Detroit Society for the Study and Prevention of Tuberculosis, an unincorporated society, and that Mr. Oxtoby informed him that he had no interest in the matter, and that he waived the necessity of serving any papers or notices on him in reference to the same, and told deponent that, as far as the interest of his client was concerned, it was only necessary to serve notices on the solicitors for the Detroit Society for the Study and Prevention of Tuberculosis, an unincorporated body. * * * Deponent further says that he is familiar with the amount of money received by Charles Moore, treasurer of the incorporated society, and with the amount of money paid out; that since the decree was signed Mr. Moore has paid out $8,883.01, which sum has been paid by consent of this deponent to Clara B. Arthur, treasurer of the incorporated society, and to the sanatorium, with the consent of this deponent; that Mr. Moore now has a balance on hand of $2,977.64, for the payment of which a bond has been given to this court."

The affidavit of defendant Moore shows—

"That all moneys that have come into his hands have come to him by virtue of his office; that he has not now and never has had any individual interest in said funds, and had no personal interest in the case, * * * and that he had no personal interest in the decree rendered in said cause; and that since said decree was rendered he has paid one-half of the funds that were contributed on tag day, 1910, to the sanatorium, in accordance with the

prayer of a cross-bill of the Detroit Tuberculosis Sanatorium; that he has paid out other sums of money to Mrs. Arthur, treasurer of the unincorporated society, by and with the consent or stipulation of the solicitors for both the Detroit Society for the Study and Prevention of Tuberculosis, unincorporated, and the Detroit Society for the Study and Prevention of Tuberculosis, incorporated, and he now has on hand a balance of $2,977.64, which he simply holds by virtue of his office, and is ready to pay over to either society that this court may direct."

The affidavit of defendant Wing shows—

"That he had no personal interest in said cause; that he was only a stakeholder of the money; that after the decree was made he turned over all the money in his possession to Clara B. Arthur, treasurer of the Detroit Society for the Study and Prevention of Tuberculosis, unincorporated; that he had no desire to join in the appeal, as he had no personal interest in the disposition of the fund, and has no interest in the affirmance, modification, or reversal of the decree entered in the circuit court for the county of Wayne."

The affidavit of Mr. Oxtoby shows—

"That he was one of the solicitors of record for defendant Austin E. Wing; * * * that he was informed by Herbert V. Barbour that he had ordered the testimony written up, and he was also notified that an appeal was to be taken, and that he stated to Herbert V. Barbour that he did not care to appeal in behalf of his client, and that he waived his right to notice of any proceedings in regard to the appeal, for the reason that Mr. Wing had no personal interest in the controversy, and that he had complied with the decree made by the trial judge; that he simply held the funds as a stakeholder, or as an officer of the complainant society. And this deponent informed Herbert V. Barbour that it would not be necessary to serve a notice of any proceedings upon this deponent, but only upon the solicitors for the complainant society, as the two societies were the only interested parties at suit."

Complainant and the principal defendant admitted by their pleadings the claims of defendant Detroit Tuberculosis Sanatorium; the money claimed by it in its cross-bill

was paid over to it by mutual consent; and it was unnecessary to pay any further attention to it.

Defendant Wing, before the filing of the original bill, had turned over most of the moneys in his hands to defendant Moore, and, after the decree, he paid the balance to complainant's treasurer. He also disclaimed any interest in the suit, and waived notice of appeal. Defendants Harriet McGraw and Moore also disclaimed any interest in the suit, and waived their right to appeal, and hold whatever moneys or property they have in their possession as officials of defendant appellant merely, subject to the final decree. Under such circumstances, it was unnecessary to serve formal notice of appeal.

We cannot consider the second ground of the motion. *Michigan Insurance Co.* v. *Wittemore*, 12 Mich. 311.

The motion is denied, with costs to appellant.

BIRD, MOORE, and STONE, JJ., concurred with BLAIR, J.

OSTRANDER, C. J. Upon the facts disclosed, I concur in denying the motion to dismiss.