GUNDICK v. GUNDICK.

1. DIVORCE—ALIMONY—DECREE — AMENDMENT — GENERAL RULE — EXCEPTION—STATUTE.

Except as modified by 3 Comp. Laws 1915, § 11408, it is the rule in this State that a decree for permanent alimony containing no reservation of the power of modification cannot be altered after the expiration of the time within which an appeal may be perfected.

2. SAME—DECREE—AMENDMENT—JUSTIFICATION.

Where the court below, on motion of the husband, after expiration of the time for perfecting an appeal, modified the decree for alimony by changing the wife's undivided interest in the homestead to a money interest, which

action has no justification on the record under said statute, it was without authority and will be set aside by the appellate court.

3. SAME—SETTING ASIDE AMENDED DECREE—SHOWING—ABUSE OF DISCRETION.

Even if the court had authority to amend the decree, *held*, that, on the uncontroverted showing made by the wife, on her motion to set it aside, the failure of the court to do so clearly amounted to an abuse of discretion.

4. SAME—APPEAL AND ERROR—FINAL ORDER.

An order denying defendant's motion to set aside an amended decree, being one finally disposing of the controversy, is appealable.

5. SAME—DESCRIPTION OF PREMISES IN DECREE—POWER OF COURT TO AMEND.

The court below, having power to amend the decree by correcting the description of the premises therein, that part of the decree so amending said description will be affirmed.

Appeal from Wayne; Brennan (Fred W.), J., presiding. Submitted October 14, 1919. (Docket No. 44.) Decided December 22, 1919.

Bill by Albert Gundick against Martha Gundick for a divorce. Defendant filed a cross-bill asking for a divorce. From an order denying a motion to set aside an amended decree for defendant, she appeals. Reversed.

*William C. Gottman,* for plaintiff.

*Samuel W. Shier,* for defendant.

BIRD, C. J. This is a divorce proceeding in which the defendant was granted a decree of divorce on her cross-bill. She was awarded the household furniture and an undivided one-half interest in a land contract, which had constituted their homestead, and of which she had possession. The purchase price of the prem-

ises was $2,800, upon which they had paid $1,100. The decree was filed April 18, 1919. On May 12th, upon motion of plaintiff's solicitor, the decree was amended by the trial court. As amended, it divested defendant of her interest in the land contract and provided that upon payment to her of $555 plaintiff should be entitled to an assignment of her interest therein, and that if she refused to accept the money and make an assignment the money should be deposited with the clerk of the court, and the decree should operate as an assignment of her interest. The recitals in the amended decree show the reasons for amending the original decree:

"It duly appearing to the court that there are errors apparent upon the face of the decree heretofore entered, the same having been incorrectly drafted, and it further appearing that the property given to the said Albert Gundick and Martha Gundick jointly and left to be divided between them is both misdescribed in the decree and is liable to be lost because of a threatened forfeiture of the land contract by Albert Eastman, the titleholder thereof, and the attorney for the said Albert Gundick having a purchaser ready to pay sufficient to give them each $555 for their respective contract interests, therefore, etc."

The description of the premises was also amended to show the particular block in which they were situate.

Several days after the amended decree was filed defendant learned of it and at once informed her solicitor that she was opposed to its terms and instructed him to protect her interests. Her solicitor making no move to this end, she employed another solicitor, and a motion was filed on June 17th to set aside the amended decree for various reasons, principally because it was inequitable and a fraud upon her rights. The showing in support of the motion included the affidavit of defendant, which shows:

(a) That she had no knowledge of the amended de-

cree until several days after it was entered and filed, that she was not advised that any such step was contemplated, and that her solicitor neither advised her of the motion nor consulted her about it prior to its being heard. She further shows that her interest in the premises is worth in excess of $555, and that she expended several hundred dollars thereon during the time the divorce proceedings were pending, and that she is desirous of acquiring the entire interest in said property. She further shows that after the original decree was granted her solicitor endeavored to purchase her interest in the property for $150. That she refused to sell for that price, and that he then offered her $250, and after the amended decree was made he urged her to accept the $555 and remove therefrom.

(*b*) It is shown by the affidavit of Mr. Eastman, the title owner of the premises, that he never threatened to forfeit the contract, but on the contrary had assured defendant he would assist her in purchasing plaintiff's interest therein, after the proceedings were ended.

(*c*) It is shown by the affidavit of her present solicitor that he had searched the files and records of court and that no motion or petition to amend the decree is in the files of said court, and neither is there any calendar entry of the filing of the motion to amend said decree.

This motion was heard on July 12th and denied, whereupon defendant appealed to this court. Later plaintiff's counsel filed a motion to dismiss the appeal on the ground that the order was not an appealable one. Action on this motion was postponed until the decision of the case.

1. The rule with reference to the modification of decrees for alimony is stated as follows:

"A decree for permanent alimony is subject to modification because of fraud or mistake in the same man-

ner and under the same circumstances as other decrees. The general rule would seem to be that where the divorce is absolute a decree for permanent alimony containing no reservation of the power of modification cannot be altered after the expiration of the time within which an appeal may be perfected." 14 Cyc. p. 784.

And the reason of the rule is that the jurisdiction of the court over the subject-matter of the suit and of the parties terminates with the entry of a final judgment except as to proceedings for its enforcement or for the correction of mistakes in the record. *Walker* v. *Walker,* 155 N. Y. 77 (49 N. E. 663).

In *Perkins* v. *Perkins,* 12 Mich. 456, an application was made to amend a decree for alimony in a similar way. The trial court granted the amendment but this court set it aside, and, in doing so, said in part:

"The only ground stated in the petition for changing the decree is, that defendant did not know, at the time it was made, that complainant would be entitled to dower in his real estate. If defendant was dissatisfied with the decree, he should have appealed; and not having done so the error, if there be one, cannot be corrected, *after the time for appealing has expired,* by petition under the statute."

In *Reynolds* v. *Reynolds,* 115 Mich. 378, a like attempt was made to amend a decree for alimony by making it a lien upon the defendant's property. This was held to be irregular.

The record in the present case does not show that any notice of appeal had been filed and no claim is made to that effect, and at the time the amended decree was filed it was too late to file such notice of appeal. 3 Comp. Laws 1915, § 13754. The only exception to this rule that we are aware of is the statute which provides that the circuit court, in chancery, may revise and alter decrees in divorce cases on petition of either of the parties. 3 Comp. Laws 1915, § 11408.

The record gives no evidence that this action was taken in reliance upon this statute but even if it were there was no showing which would justify the action of the court under that statute. *Perkins* v. *Perkins, supra; Reynolds* v. *Reynolds, supra.* We must, therefore, conclude that the trial court exceeded its authority when it amended the decree in matters of substance by converting her interest in her home to a money interest.

But aside from the question of lack of authority we think defendant's motion should have been granted. When it appeared, without contradiction, that the proceedings to amend the decree had been taken without defendant's knowledge and consent, and that she had been thereby divested of her interest in her homestead upon a petition or motion which was in the air instead of in the files, when it appeared that the chancellor's impression concerning the danger of the contract being forfeited was erroneous, and when it appeared that defendant's solicitor had been recreant to his trust, the court should have promptly set aside the amended decree and given her an opportunity to secure other counsel and be heard upon the question of the value of the land and her ability to take care of the indebtedness. The failure to do so upon the part of the court was clearly an abuse of discretion.

The question is raised as to whether the order denying defendant's request to set aside the decree is an appealable order. The order made by the trial court was one finally disposing of the controversy and was conclusive in dispossessing defendant of valuable rights. Under these circumstances we entertain no doubt as to defendant's right to have the order reviewed by this court. *Michigan Insurance Co.* v. *Whittemore,* 12 Mich. 311; *Tucker* v. *Stone,* 92 Mich. 298. In the latter case a petition was filed in the trial court to correct the final decree. The prayer of the

petition was denied.  An appeal was taken, followed by a motion to dismiss on the ground that the order was not an appealable one.  This court denied the motion to dismiss, saying:

"Complainant moves to dismiss the appeal on the ground, *first,* that it is not a final order.  There is no doubt that this is a final order.  See *Webber* v. *Randall,* 89 Mich. 531, and cases cited; *Kingsbury* v. *Kingsbury,* 20 Mich. 215.  This order finally closed the case as against the defendant.  It was held in *Michigan Insurance Co.* v. *Whittemore,* 12 Mich. 311, that an order refusing to set aside a decree for irregularity was a final order and appealable."

Our conclusion is that the amended decree must be set aside except that portion thereof which corrects the description of the premises in the original decree. It was within the power of the court to make this correction and as to that part of the order the amended decree will be affirmed.  The motion to dismiss will be denied and defendant will recover costs of the appeal in both courts, and also costs on the motion in both courts.

SHARPE, MOORE, STEERE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred.