### Embree Bullard v. John W. Green and Others.

An appeal will lie from an order in Chancery, setting aside a sale in a foreclosure suit after confirmation of the commissioner's report of the sale.

*Heard April 23d.    Decided May 1st.*

Appeal in Chancery from Washtenaw Circuit. After confirmation of the commissioner's report of sale in a foreclosure suit, the Circuit Court in Chancery, on application of one of the defendants, made an order, setting aside the sale made, and ordering a resale. The purchaser appealed from this order.

*A. Felch,* now moved to dismiss the appeal, on the ground that the order appealed from was not a *final* order, within the meaning of the statute. He cited and commented on *Benedict v. Thompson,* 2 *Doug. Mich.* 299; and *Romeyn v. Hale,* 1 *Mich.* 93. He also suggested whether the order was not in its nature discretionary, and therefore not in any event the subject of review.

*O. Hawkins,* contra.

MANNING J.:

This is an appeal from an order setting aside a sale of mortgaged premises on a decree of foreclosure, after the confirmation of the commissioner's report of sale; and a motion is made to dismiss the appeal, on the ground that the order setting aside the sale is not a final order. By the sale, report and confirmation —there being no appeal taken from the order of confirmation — the purchaser's right under the sale became vested, without any further action on the part of the court. The order appealed from deprives him of this right. It contemplates, it is true, further proceedings on the decree, affecting the rights of the parties to the decree; but it does not contemplate

BULLARD *v.* GREEN.

any further proceedings whatever touching the right of the purchaser. As to him the order is final. It puts an end to his rights. As purchaser, he has no interest in, and is not a party to such further proceedings, whether he be a party to the foreclosure suit or not.

In *Baker v. Pierson,* 5 *Mich.* 456, we held that an appeal would lie from an order denying a writ of assistance to a purchaser at a mortgage sale, to put him in possession of the mortgaged premises.

The motion must be denied, with costs.

MARTIN CH. J. and CAMPBELL J., concurred.

CHRISTIANCY J., was absent.