### Eliza Perkins v. Sebra Perkins.

*Alimony: construction of statute authorizing decree to be changed.*—The statute—Comp. L. § 3249—which provides that, after a decree for alimony, the Court may, from time to time, on the petition of either of the parties, revise and alter such decree, &c., must be construed as only authorizing the change on new facts thereafter transpiring, which are of such a character as to make the change necessary to suit such new state of facts.

PERKINS v. PERKINS.

*Equity: proof of case not stated in pleadings.* — Petition to revise and alter a decree for alimony. Facts proved on a reference under such a petition, which are not made a ground for relief in the petition, can not be noticed by the Court.[*]

*Heard December 5th, 1863. Decided July 15th.*

Appeal in chancery from Washtenaw Circuit.

The complainant having obtained a divorce from the defendant, with decree for. the payment by him of $1000 alimony, the defendant afterwards filed his petition for a revision and alteration of this decree, giving as a reason why it should be changed, that he was not aware when the decree was rendered that the complainant would also be entitled to dower in his real estate, and that, in view of that right, the sum awarded was altogether too large. The Court below ordered a reference to take proofs under this petition, and proofs were taken showing the value of the dower, the amount of defendant's property at the date of the decree, that it had since been all expended, and that he had become insane. On this testimony being filed, an order was made wholly vacating the former decree for alimony, and complainant appealed.

*O. Hawkins* and *T. M. Cooley* for appellant.

*Joslin & Blodget* for petitioner.

MANNING J.:

The petition is under § 3249 of the Compiled Laws, which provides that " after a decree for alimony " " the Court may, from time to time, on the petition of either of the parties, revise and alter such decree, respecting the amount of such alimony or allowance, and the payment thereof, and also respecting the appropriation and payment of the principal and income of the property so held in

---

[*] See on this point, *Thayer v. Lane. Wal. Ch.* 200; *Cicotte v. Gagnier,* 2 *Mich.* 381 ; *Warner v. Whittaker,* 6 *Mich.* 133 ; *Bloomer v. Henderson.* 8 *Mich.* 395 ; *Barrows v. Baughman,* 9 *Mich.* 213 ; *Wurcherer v. Hewitt,* 10 *Mich.* 458 ; *Dunn v. Dunn,* 11 *Mich.* 284; *Peckham v. Buffam,* 11 *Mich.* 529.

trust, and may make any decree respecting any of the
said matters which such Court might have made in the
original suit." The section must be construed to mean one
of two things. It may be construed as empowering the
Court to change the decree for alimony, from time to
time, on facts existing when the decree is granted, or on
new facts thereafter transpiring; or as only authorizing a
change on the latter, when they are of such a character
as to make it necessary to suit the new state of facts.
The last we think is the true construction. We can not
suppose the first to have been in the mind of the Legis-
lature, as it would virtually take away the right of appeal,
which the law gives to the party who may feel himself,
aggrieved by the decision of an inferior tribunal, and sub-
ject the rights of the parties to the discretion of the
Court making the decree, however arbitrarily or capriciously
exercised. But as various circumstances might occur after
alimony granted — as adultery on the part of the woman,
or the loss of property by some inevitable accident on
the part of the man, and the like — we are led to believe
that the statute was intended to provide for such new
circumstances, and that that was all the Legislature had
in view in enacting it: that it was not designed to affect
the right of appeal, or to give to the Court granting
alimony power to review and to reverse or modify its own
decree. Such a power would be unprecedented, and out
of the ordinary course of judicial proceedings.

The only ground stated in the petition for changing
the decree, is, that defendant did not know, at the time
it was made, that complainant would be entitled to dower
in his real estate. If defendant was dissatisfied with the
decree, he should have appealed; and not having done so,
the error, if there be one, can not be corrected, after the
time for appealing has expired, by petition under the
statute.

There is evidence taken under the petition of matters

transpiring after the decree, but we can not notice it, as the facts proved are not made a ground for relief in the petition, which is defective in substance.

The order opening the decree for review, and the subsequent order denying alimony, are reversed, with costs to complainant of both courts.

CHRISTIANCY and CAMPBELL JJ. concurred.

MARTIN CH. J. did not sit in this case.