## Julia M. Chandler v. Robert G. Chandler.

*Appeal in Chancery : Final Decree.* A decree upon a petition filed under § *3238, Comp. Laws,* providing for the revision of decrees in divorce cases, is a final decree, from which an appeal lies to this court.

*Modifying decrees in divorce cases.* A decree in a divorce case, dissolving the marriage and providing for the custody of a child, will not be modified under the provisions of § *3238, Comp. Laws,* upon a petition which exhibits only such facts as were within the knowledge of the petitioners before the decree was entered, and which were as appropriate to be considered in making the decree as for its modification.—*Perkins v. Perkins, 12 Mich., 456,* cited and approved.

*Heard November 3.    Decided November 29.*

Appeal in Chancery from Branch Circuit.

In August, 1868, the circuit court for the county of Branch in chancery, in a suit between Julia M. Chandler and Robert G. Chandler, rendered a decree dissolving the marriage between the parties, committing the custody of their infant child to the mother, and directing the payment by the father of a weekly allowance for its maintenance. In January, 1871, the defendant, Robert G. Chandler, filed his petition, under the provisions of §§ *3238* and *3249* of the *Comp. Laws,* for a revision and alteration of the decree relative to custody and maintenance of the child. Upon the hearing the circuit court directed a modification of the

original decree; and the cause is brought into this court by the appeal of the complainant.

*Shipman & Loveridge,* for the defendant petitioner.

*L. T. N. Wilson* and *Moore & Griffin,* for complainant.

GRAVES, J.

This is an appeal by Mrs. Chandler from a decree altering so much of a former decree, dissolving the marriage of the parties, as related to the "care, custody and maintenance" of their infant child, Robert T. Chandler. The first decree, which was made in August, 1868, on the complaint of Mrs. Chandler, dissolved the marriage for extreme cruelty practised by defendant, as stated in the decree itself, and ordered that complainant should have the "exclusive care, custody, control and education" of the child, who was then about two and a half years old, and that for his support, maintenance and education the defendant should pay to the register of the court the sum of five dollars each week until further order. The defendant took no appeal from this decree, and has neither paid or been asked to pay the weekly allowance, and from the time it was granted to the present, the child has remained in the custody of the mother and been supported by *her* father.

In January, 1871, the defendant petitioned the court, under § *3238, Comp. L.,* for an alteration of that part of the decree relating to custody and allowance, but made no proof beyond the petition. This application was met by two affidavits made by Mrs. Chandler's father.

The main facts set forth by the petition, as a ground for relief, are in substance, that just before the court made the decree of 1868, an agreement was reached between the parties by which certain specified items of property were set over to Mrs. Chandler in lieu of alimony and for the

support of the child, but that the judge, acting upon his own views, inserted the clause for a weekly allowance, without being solicited thereto by complainant; that she, at that time, owned, and still continues to own, certain lands in Missouri of considerable value, while he, the petitioner, was then, and still is, insolvent; that the parents of petitioner possess a comfortable home and are in good circumstances, and desire to have the child with them, and, if permitted to do so, will tenderly and properly care for it with little expense to petitioner. The opposing affidavits, while giving a different complexion to the case, need not be recited or commented on. On hearing the petition the court changed the first decree by making the payment of the weekly provision depend upon petitioner's refusal to accept the child's custody and support it, in case such custody should be tendered by Mrs. Chandler and refused by petitioner, while the child should be under eight years of age. The decree was also altered so as to allow access to the child by the parent not having the custody at the time.

On the argument before us, it was at first objected that this decree, made on petition, was not one from which an appeal would lie. It was very obvious, however, that counsel had no confidence in the objection, and we think it has no basis to rest on. The second decree was as truly a final decree as the first, and the matter is too plain to permit discussion.

Upon the merits, the case appears to us to be decided by *Perkins v. Perkins, 12 Mich., 456.* See also, *Cook v. Cook, 1 Barb. Ch. R., 639.*

No new facts or change of circumstances upon which to found an alteration of the decree are set forth. No complaint is made that the mother has not been, or is not now, a suitable person to have the care of her little son, or that she will fail from lack of affection, judgment or discreet-

CHANDLER *v.* CHANDLER.

deportment in the duty which the relation calls for. What is said about an agreement when the first decree was made, would be nothing to the purpose if unimpaired by opposing evidence.

If the petitioner was then wronged, which does not appear, he should have moved without delay. He knew as well then as he does now what the first decree required, and whether it was in derogation of any lawful arrangement, and if dissatisfied he should have appealed or taken action in the court below. The same observation applies to what is said about Mrs. Chandler's fortune and his own poverty. No importance can be attached to the statement that the petitioner's parents are able and willing to care suitably for the child, and that their so doing would relieve him from much of the expense to which the terms of the first decree expose him.

The nature and *status* of the case imply the necessity of deciding between the parents of the child, and. not between one of them and any third persons; and the saving in future of five dollars per week by the petitioner, if such a result could be clearly anticipated after what has happened, ought not to be weighed against the happiness and welfare of the child, and the circumstances conducive thereto, in view of his tender age and the ties which subsist between the little one and the mother. We cannot, therefore, agree with the court below in holding that the petitioner has made a case to warrant any revision of the first decree, and as a consequence we conclude that the decree appealed from should be reversed; that the petition should be denied, and that Mrs. Chandler should recover her costs, in this proceeding, of both courts.

The other Justices concurred.