HIRAM MAXFIELD v. JARED FREEMAN, WALTER B. MICKLES, AMOS GOULD ET AL.

*Leave to file bill of review no ground for appeal.*

An order granting leave to file a bill of review, and made before any steps have been taken in execution of the decree, is not a final order from which an appeal lies.

If an order finally disposes of any right it can be appealed from even though other proceedings are yet to be taken in the case. For instance, an order setting aside a foreclosure sale after the report of sale is confirmed; or modifying a decree for alimony; or appointing a receiver, and by putting him in possession, disposing of the legal rights of others. But an order opening a decree to a defense before any new rights have intervened is not final, nor is one that opens for review a decree for permanent alimony.

The Supreme Court cannot take jurisdiction of chancery appeals not permitted by statute.

Costs were not awarded to an appellee on dismissal of the appeal for want of jurisdiction, where he had not objected on that ground.

Appeal from Saginaw.    Submitted June 6.    Decided June 18.

FORECLOSURE.    Defendant Gould appeals from an order allowing defendant Mickles to file a bill of review.

*Gaylord & Hanchett* for complainant.

*Amos Gould* and *John Moore* for defendant appellant.

*Wisner & Draper* for Mickles, defendant and appellee.

COOLEY, J.    This is an appeal by one of the defendants from an order of the circuit court in chancery giving leave to the defendant Mickles to file a bill of review. The order granting leave was made before any steps had been taken in execution of the decree, and consequently before any new rights had been acquired.

The statute permitting appeals to this court from the circuit courts in chancery, confines the privilege to those who may think themselves aggrieved by "the decree or final order" of any such courts. If the order permitting a bill of review to be filed is a "decree or final order," we can take jurisdiction of this case; otherwise not.

We have held in several cases that if an order finally disposed of any right, it might be appealed from, not-

39 MICH.—9.

withstanding the case was such that proceedings would afterwards be taken in the case. Thus, an order setting aside a sale in a foreclosure suit after the confirmation of report of sale may be appealed from: *Bullard v. Green*, 9 Mich., 222; *Perkins v. Perkins*, 16 Mich., 162. So may an order modifying a decree for alimony in a divorce case. *Chandler v. Chandler*, 24 Mich., 176. So may an order appointing a receiver where the order disposes of legal rights of others in order to put the receiver in possession. *Lewis v. Campau*, 14 Mich., 458. See *People v. Jones*, 33 Mich., 303.

But an order opening a decree to a defense, before any new rights have intervened, is not a final order. *Prentis v. Rice*, 2 Doug. (Mich.), 296. Neither is one which opens for review a decree for permanent alimony in a divorce case. *Perkins v. Perkins*, 10 Mich., 425. Neither is the order now before us.

The order for filing a bill of review simply opens the controversy between the parties for further testimony, hearing and consideration. It is no more a final order than would be an order opening a default, or permitting a new defense before decree, or bringing in a new party. It may embarrass and possibly wrong some one for the time being, but if so, we are powerless to prevent it. We can act only, in these cases, where the statute permits it; and here it is plain the power has been withheld.

The appeal must be dismissed. As the appellee for some reason has seen fit not to object to the want of jurisdiction, we award no costs.

The other Justices concurred.