REYNOLDS v. REYNOLDS.

1. DECREES—ALIMONY—REVISION AND ALTERATION.
    2 How. Stat. § 6248, providing that the circuit court may revise and alter decrees for alimony on petition of either of the parties, is applicable only where new facts transpire after the original decree which make such change necessary, and does not authorize the subsequent insertion in the decree of a provision which might have been embodied therein originally, declaring the amount awarded as alimony to be a lien upon land alleged to have been fraudulently conveyed.

2. SAME—AMENDMENTS—BILL OF REVIEW.
    Nor can such an alteration, made after the close of the term at which the original decree was rendered, and after the expiration of the time for appeal, be justified as an amendment; the appropriate remedy under such circumstances, and the only one where the decree has been enrolled, being by bill of review.

3. SAME—COLLATERAL ATTACK.
    But the action of the court in making such alteration, while irregular, is not void for want of jurisdiction, and it cannot be attacked collaterally.

4. SAME—EXECUTION—AUTHORITY FOR ISSUANCE.
    Where the original decree rendered in a cause authorized the issuance of execution, express authority was unnecessary in an amended decree in the same cause, the former being, of necessity, a part of the latter.

Appeal from Van Buren; Buck, J. Submitted October 13, 1897. Decided December 21, 1897.

Bill in aid of execution by Mary A. Reynolds against Ansel E. Reynolds, Davis Olney, and Lodema O. Goodenough. From a decree for complainant, defendants appeal. Affirmed.

*Charles E. Sweet* (*Howell & Carr*, of counsel), for complainant.

*Lester A. Tabor*, for defendants.

HOOKER, J. The complainant obtained a decree of divorce from Ansel E. Reynolds, one of the defendants, which was affirmed by this court (see 92 Mich. 104), except as to alimony, and the case was remanded for an inquiry in relation thereto. On July 7, 1893, the circuit court for the county of Cass in chancery decreed that the "defendant pay to the complainant, Mary A. Reynolds, as permanent alimony, the sum of $1,000, and that she have execution therefor *against his lands, goods and chattels, moneys and effects.*" It was further ordered that she have her costs to be taxed, and that she have execution therefor. Execution issued, whereupon it appears to have been ascertained that the defendant had conveyed his real estate; and a suit at law was commenced, and garnishee process issued against the purchasers. Subsequently this proceeding was discontinued by a rule entered in the Common Order Book on July 20, 1894. On December 18, 1893, the court attempted to amend the decree of July 7th by adjudging the amount of her alimony and costs to be a lien upon the lands mentioned. Execution was issued on the first decree, and returned unsatisfied September 19, 1893; and on January 21, 1895, an execution was issued in said cause, reciting the decree of December 18, 1893, but making no allusion to the decree of July 7, 1893. This execution was in the usual form, and was levied on the lands in controversy; and on February 18, 1895, this bill was filed in aid of execution against the defendant Reynolds and the alleged purchasers of the land. The defendants appeal from a decree against them.

Upon the general question of fraud, we are of the opinion that the evidence justified the decree, which must stand, unless some legal question forbids. The amended decree was based upon a petition alleging the fraudulent conveyance of the lands to defendant Olney, and praying that the amount be declared a lien upon the land. The original decree might have contained such a provision, and therefore 2 How. Stat. § 6248, providing for the alteration of decrees, is not applicable, under the rule laid down in *Perkins* v. *Perkins*, 12 Mich. 456, and *Chandler* v. *Chandler*, 24 Mich. 176, that such action is permitted only upon new facts transpiring after the original decree. Unless, therefore, we can say that it was valid as an amendment, this decree of December 18th would constitute no authority for the issue of execution. This amendment was asked for and made after the close of the term at which the original decree was made, and, under the great weight of authority, should not have been permitted. See 5 Enc. Pl. & Prac. 1049 *et seq.; Brooks* v. *Railroad Co.*, 102 U. S. 107; *Bronson* v. *Schulten*, 104 U. S. 410; *Overton* v. *Bigelow's Adm'r*, 10 Yerg. 48; *Bradford* v. *Patterson*, 1 A. K. Marsh. 464; *Thompson* v. *Goulding*, 5 Allen, 81. Clerical errors and cases of irregular or void decrees may be exceptions to this rule, but we have not such a case before us. Not only had the term passed, and the time for appeal expired, but the cause was enrolled, and the only remedy was by bill of review. *Maynard* v. *Pereault*, 30 Mich. 160; *Mickle* v. *Maxfield*, 42 Mich. 309; *Barnes* v. *Kent Circuit Judge*, 97 Mich. 214.

While this proceeding was unwarranted, we are not cited to any case which holds it void upon the ground that the court had no jurisdiction. We have seen that in certain classes of cases the court may make changes, as when the decree entered is irregular, or where the errors are clerical. Another class of cases in which amendments after term have been permitted, and, indeed, after enrollment, are those where the relief would have been a

matter of course had it been asked for when the decree was rendered, and where the omission was an inadvertence. 5 Enc. Pl. & Prac. 1053, and cases cited. Again, it may be done by consent. Id. 1058. The court must at least have the power to determine whether the case is one in which the relief can be granted or not, which would seem to be inconsistent with an utter want of jurisdiction. The authorities treat such action as an irregularity, to be corrected on appeal or by bill of review. Id. 1059. But it cannot be attacked collaterally. If the defendants had notice of this amendment, they might have taken measures to overturn it. They had such notice when the bill in this cause was filed, if not before, but have taken no such steps. They have undertaken to make the irregularity a ground for defense, which cannot be done, as the decree is valid until reversed. It therefore supports the execution, which, in turn, is a sufficient foundation for a bill of this character, if it was properly issued.

It is urged that it was issued without authority, and that an order of court was necessary. We understand that the original decree, which is, of necessity, a part of the amended decree, authorized the issue of execution, and that the writ was properly issued at once. Our statute (2 How. Stat. § 6653) authorizes execution against property upon decree, following that of New York. 2 Rev. Stat. p. 183, § 104. In treating of this subject, Mr. Barbour says:

"In some decrees the sum of money adjudged due is to be paid, or the duty is to be performed, within a time specified therein. *In others it is decreed to be paid or done generally, without fixing a time.* In either case a clause is inserted that the party have execution to enforce the decree. *Whether a time is fixed or not, an execution may be taken out at once, as soon as the decree is enrolled, in the same manner as it is issued upon a judgment at law when docketed.*" 1 Barb. Ch. Prac. 442; 2 Hoff. Ch. Prac. 92.

If it be said that this language does not show that execution can be issued without an order of the court, it may

be answered that in the case before us this order was plainly intended to be a part of the original decree, as it is clearly expressed. In *Taylor* v. *Gladwin*, 40 Mich. 235, it was held that an order for execution was not invalid because made before enrollment. We see no impediment to the application of this rule to an order incorporated in the decree, as well as to one made later, where, as is this case, the order is clearly made.

Other questions are raised, but we think it unnecessary to discuss them or the evidence. It is enough to say that the conclusions of the circuit judge meet our approval.

The decree is affirmed, with costs.

The other Justices concurred.