<hr />

SMITH *v.* SMITH.

1. APPEAL AND ERROR — QUESTIONS CONSIDERED — APPEAL FROM ORDER AFTER DECREE.

An appeal from an order reducing the amount of alimony previously granted by a decree of divorce does not bring up the original decree.

2. DIVORCE—ALIMONY—REDUCTION—REMARRIAGE OF HUSBAND.

Where a divorce was granted to a wife on her cross-bill, and she was awarded permanent alimony, not shown to be beyond her necessities, and 12 days thereafter complainant married a woman with whom he had been keeping company for 2 years before the divorce, and it was this conduct that alienated the affections of complainant's daughter from him, after which defendant discouraged the daughter's association with complainant, neither complainant's subsequent marriage nor the alienation of the daughter's affections justified an order reducing the decree for permanent alimony.

Appeal from Wayne; Donovan, J. Submitted January 10, 1905. (Docket No. 34.) Decided February 27, 1905.

Bill by Edwin W. Smith against Elma L. Smith for a divorce: On petition for an order reducing the amount of alimony. From an order awarding a gross amount, defendant appeals. Reversed.

*Orla B. Taylor* and *Fred C. Harvey,* for complainant.

*Allan H. Frazer,* for defendant.

CARPENTER, J. In March, 1903, a decree of divorce was granted in this case on the cross-bill of defendant. That decree gave defendant the custody of the only child of the parties, and awarded her permanent alimony of $75 per month. May 25, 1904, on the petition of complainant, an order was made materially reducing the permanent alimony awarded defendant. From this order defendant appeals to this court.

We cannot on this record review the original decree. We must assume that the award of alimony in that decree was in every respect proper. The question for our consideration is this: Have such new facts arisen since the decree as to justify its modification? *Perkins* v. *Perkins,* 12 Mich. 456; *Chandler* v. *Chandler,* 24 Mich. 176.

We proceed to inquire what new facts have arisen since the rendition of the decree. If there has been any change in complainant's financial circumstances, that change has improved his financial ability. There has been no change in defendant's necessities. Upon the oral argument it was urged that her condition of health has improved since the decree was rendered, but later it was conceded that this claim was not supported by the record. It cannot, therefore, be considered. It does appear that since the decree was rendered complainant has married, and that his daughter has lost her affection for him. Unless we

hold that this marriage and diminished affection are such new facts as justify a reduction of the alimony, the order appealed from should be reversed. There can be no doubt that complainant had the right to remarry; there can be no doubt that by remarrying he has increased his necessities, and to that extent diminished his ability to pay the alimony awarded defendant. But as it was a voluntary act of his, and an act which the testimony shows he contemplated at the time he obtained his divorce, we do not think that he should be permitted to say that it is a fact arising since the decree which warrants a reduction of defendant's alimony. It may be said in this case, as was said by the supreme court of Washington in *State, ex rel. Brown,* v. *Brown,* 31 Wash. 405 (62 L. R. A. 974):

"If his monthly income after divorce was sufficient to support himself alone and pay his divorced wife the alimony allowed, he could not by his subsequent marriage set aside the decree, or be heard to say that the additional burdens which he himself thereby assumed made him unable to comply with the decree. The divorced wife and minor child have a fixed and prior claim upon the earnings of appellant, which appellant for his own comfort may not take away."

Is the modification of the decree justified by the fact that complainant's daughter lost her affection for him? Complainant contends that defendant is responsible for this loss of his daughter's affection. A careful examination of the record convinces us that the cause of the loss of the daughter's affection is the fact that complainant 12 days after his divorce married a woman with whom he had been keeping company for a period of 2 years before his divorce. We do not agree with complainant that this conduct would not have disturbed the daughter if her mother had not brought it to her attention. We credit the testimony which shows that it was brought to her notice by the children at school, and that she grieved bitterly because they taunted her. It is but natural that this conduct of complainant should create in defendant, as well as in her daughter, a

feeling of resentment. It induced, and naturally induced, defendant to believe that for the daughter's own good she should not associate with her father; and if, as we may infer from the record, in consequence of this she discouraged such association, that is a circumstance justly chargeable to complainant's conduct, and is not, therefore, a fact which justifies the reduction of alimony.

It follows, therefore, that the order appealed from must be set aside.

MOORE, C. J., and MONTGOMERY, OSTRANDER, and HOOKER, JJ., concurred.