## MEYERS v. MEYERS.

1. DIVORCE — JUDGMENT — ALIMONY — CUSTODY OF CHILDREN — CONTRACTS.

> Where the parties to a divorce proceeding agreed upon the division of property and the custody of the children, and a provision of the stipulation permitting the husband to visit his children at reasonable times was omitted from the final decree which complainant entered without notice, the decree cannot be considered as a part of the contract, after the breach of the omitted provision of the contract by the wife, and the defendant is not chargeable with contempt for wilful disregard of the decree, in refusing to make payments after the wife's removal from the State.

2. SAME—MODIFICATION OF DECREE.

> The court may modify a decree of divorce awarding the custody of the children to the wife, if changed conditions arising after the decree justify its modification.

3. SAME—INFANTS—CUSTODY—REMOVAL FROM STATE.

> After both parties remarried and the wife removed from the State taking the children with her and rendering it impossible for the father to visit them in pursuance of their stipulation, the court is justified in relieving him of further payments towards their support.[1]

[1] As to liability of father for support of children after divorce, as affected by decree awarding custody to mother, see note to *Spencer* v. *Spencer* (Minn.), 2 L. R. A. (N. S.) 851.

Appeal from Kent; Perkins, J. Submitted February 11, 1910. (Docket No. 135.) Decided June 6, 1910.

Bill by Myrtle B. Meyers against Lambert G. Meyers for a divorce: On petition of defendant after the entry of a decree of divorce to be relieved from contributing to the support of minor children. From an order granting the prayer of petitioner, complainant appeals. Affirmed.

*Charles E. Ward*, for complainant.

*John J. Jackson* (*William B. Brown*, of counsel), for defendant.

McAlvay, J. This is an appeal from an order modifying a decree which had been granted in this case to complainant in the circuit court for Kent county September 29, 1903, giving her a divorce from defendant on the ground of extreme cruelty, and the custody of two sons, at that time aged 9 and 7 years, until they, respectively, attained the age of 14 years, and, among other things, requiring defendant to pay her "for the support, maintenance, and education of said children the sum of $15 every two weeks." On September 21, 1905, complainant married a man named Charles Smith, and they moved at once to Ashland, Wis., taking these two children with them, and at the time this matter was heard they lived in North Dakota. After taking the children from the State, complainant never answered his letters nor asked for any further payments except through her attorney, a short time before bringing the contempt proceedings. Defendant paid all amounts as above decreed up to and including September 14, 1905. On October 7, 1908, an order was made to show cause why an attachment should not issue against him, and why he should not be punished for contempt for refusal and neglect to comply with the said decree after September 14, 1905. Defendant at this time resided and worked in Detroit at his trade as a wood carver. He also had remarried.

He filed affidavits in answer to such application, and also made a motion to dismiss the proceedings. Pending these proceedings defendant filed a petition to modify the decree and to relieve him from further obligation thereunder, on the ground, principally, that, contrary to the agreement made between the parties, he has been deprived of the privilege of seeing and visiting his children, to which complainant made answer by affidavits. Adjournments were had from time to time until December 14, 1908, when both matters came on to be heard. By stipulation in open court it was agreed that they be heard together. Later, after due consideration, the court, in the contempt proceedings, found that defendant had not wilfully or intentionally violated the terms of the decree, and was not in contempt, and ordered and adjudged that he was not in contempt of court, and ordered the petition dismissed and defendant discharged. From this order and determination of the court no appeal has been taken.

In the matter of the petition to modify the decree, the court on the same day—February 18, 1909—ordered and decreed—

"That the final decree made and entered in the above-entitled cause    *    *    *    be, and the same is hereby, amended, changed, and modified by striking out and eliminating from said decree each and every provision therein requiring the payment of money in any sum or at any time by said defendant, Lambert G. Meyers, from and after the date hereof."

Said order and decree further stating:

"The above and foregoing modification of said final decree is made without prejudice to the right of complainant to make application to this court for the maintenance and support of said children or either of them named in said final decree at any time when she shall return said children to the county of Kent aforesaid, and allow and restore to said defendant the right and privilege to visit said children."

From this decree complainant has appealed.

It is first urged that the decree is retroactive and relieves defendant from payment of all unpaid amounts which had accrued under this decree before this modification. We do not so construe the decree appealed from, but hold that, by the use of the words "from and after the date hereof," it in terms operates only to affect payments to be made after it was granted, and was not intended to, and did not in any way, affect the rights of the complainant as to amounts theretofore due and unpaid. Such is the construction contended for on the part of defendant and accepted by him. The proposition need not be further considered.

The record shows that, after the divorce proceedings were instituted, the parties settled and adjusted their property interests by stipulation, between their solicitors, in writing, wherein, among other things, it was agreed that complainant would have the care and custody of the minor children, in consideration of which defendant promised to pay as temporary alimony for the support of complainant and the children the sum of $7 per week; and that if the court granted her a decree for divorce, with custody of said children, a decree might be entered requiring him to pay her for the support, education, maintenance, and clothing of said children the sum of $15 every two weeks; that he was to have notice of the final decree, and that he should have the right to see and visit his children at reasonable times. He was not given notice to settle a decree and the right to see and visit his children was not embodied in the decree, and he was deprived of the privilege of seeing or visiting them by their removal from the State.

It is claimed that, by the weight of the authorities, the contract (stipulation) and the decree must be treated together by the court, and it must not vacate such a decree, but will treat it as a contract binding upon the parties. We take it that this stipulation, if it is to be considered as a contract, must be taken as a whole and so accepted by

the parties. Complainant saw fit to ignore the agreement when the case was ready for a decree, and omitted therefrom an important stipulation. The provision that gives a parent the right to visit his children cannot be regarded by the court as one of no consequence. On the. contrary, it should be considered of great importance. Complainant, however, insists that this decree amounted to a contract, in so far as it provided for payment to her as stipulated, regardless of the omission from such contract of the provision stated in favor of defendant. The position is not tenable, and the case is not within the authorities relied upon. The disregard of the defendant's stipulation destroys the mutuality of the agreement, and he is now in court insisting that the stipulation was violated. He alleges all these facts, and no denial is made. The stipulation and the decree speak for themselves. He offers to care for and educate his sons, if he may have them in his family, and asks for their care and custody.

The question before the court is whether the modification made by the court should have been granted. Defendant is not seeking to avoid his duty to support his children because his wife has remarried and removed them from the State. He asks for the recognition of a mutual agreement which should have been embodied in the original decree. The decree gave complainant the custody of the children until they became, respectively, 14 years of age. The older boy is now nearly 16, and the younger will become 14 in June this year (1910). The father has not seen them since they left the State. The court, under the statute, has the power to modify this decree, provided new facts arising after the decree justify its modification. *Smith* v. *Smith*, 139 Mich. 133 (102 N. W. 631), and cases cited.

In our opinion new facts have arisen in this case which would justify a modification. Defendant did not know when a decree was entered. Nor did he know that the decree did not embody the agreement as made. The only evidence in the record bearing upon his first knowledge

of that fact is that a certified copy of the decree was served upon him in Detroit on July 15, 1908, when a demand was made for amounts due and unpaid thereunder, as a basis for instituting proceedings in contempt. Within 90 days thereafter he filed this petition for modification. The present age of the boys is also a fact to be considered. They have for five years been beyond the limits of Michigan in a distant State.

In a case where the facts and the proceedings taken were practically the same as in the case at bar, this court said:

"If any change of circumstances or new facts arising since the decree were necessary to be shown, * * * they may be found in the prolonged absence of the daughter from the State of Michigan, and the inability to visit her guaranteed to defendant by the contract, with no assurance that the daughter will ever return to this State." *Myers* v. *Myers*, 143 Mich., at page 34 (106 N. W. 403).

In the case at bar both parties have remarried. Defendant now has a home where he is willing to provide and care for his sons. He is industrious and temperate; a citizen whose employers vouch for his character. The record shows that he is a proper person to have their custody. He has not appealed from the decree as modified which did not award custody to him. The court, however, would, in our opinion, have been justified in granting such custody. Complainant, although in the State when the petition was signed in the contempt proceedings, was not produced as a witness, nor was her deposition taken in either of the cases. Complainant's absolute right, under the decree, to the custody of the older son has expired. As to the younger son, it will expire within 30 days. They may elect to come to their father. If they do not he should not be required to make further payment for their support, under the circumstances of this case. The older boy has for some time been of an age to con-

tribute, at least partly, to his own support.   We are satisfied that the judge who heard the case arrived at an equitable conclusion.

The decree is affirmed, without costs.

OSTRANDER, BROOKE, BLAIR, and STONE, JJ., concurred.