## ZANGER v. ZANGER.

DIVORCE—APPEAL AND ERROR—JUDGMENT—ALIMONY — SECURITY FOR PAYMENT.

> After the entry of a decree of divorce awarding the complainant alimony against her husband, and securing the payment by a lien upon property of the defendant which, under the terms of the decree, might be released from the lien upon the substitution of other property worth $12,000, it is not a proper question for determination, on appeal from a subsequent order permitting a substitution of other property, whether or not the original order gave complainant adequate security in fixing the required security at $12,000.

Appeal from Wayne; Murfin, J. Submitted April 18, 1910. (Docket No. 62.) Decided June 6, 1910.

Bill by Electa F. Zanger against Gustav W. Zanger for a divorce. There was a decree for complainant, and subsequently upon petition of defendant an order was entered modifying the security for the payment of alimony; from which complainant appeals. Affirmed.

*Walter Barlow,* for complainant.

*Lucking, Emmons & Helfman,* for defendant.

OSTRANDER, J. In November, 1907, complainant secured a divorce from the defendant, and in the decree which was rendered it is provided that, in consideration of the discharge and satisfaction of all claims for alimony, solicitor's fees, further support, maintenance, and dower the defendant should pay to complainant $150 monthly, in monthly installments, beginning November 12, 1907, and continuing during the life of complainant or until she should remarry. Complainant was given a lien to secure payment of the alimony upon certain property in the city of Detroit, which was described in the decree. It was also decreed that upon 15 days' notice in writing to the said complainant, or her solicitor, and upon the offer of the said defendant to give her a lien upon other property " having a fair value of $12,000," she should relinquish the lien upon the property described in the decree, and, in lieu thereof, have a lien upon the substituted property as security for the payment of the said alimony, and that in the event of a disagreement as to the value of the property offered in lieu of the premises described in the decree the court, upon a proper application, should determine as to the value of the property so offered, and that the decision of the court upon the subject of the value of the property should be binding upon the respective parties. In November, 1909, the defendant, pursuant to the decree, asked the complainant to relinquish and surrender her lien upon the property described in the decree and to accept in lieu thereof a lien upon 155 acres of land in the township of Ecorse, Wayne county, upon which property there was a first lien of $5,000. She declined to do this, and the defendant filed his petition in the Wayne circuit court, in chancery, asking the court for an order discharging the property mentioned in the decree from the lien created by the decree and to transfer the same to the said Ecorse property subject to the $5,000 mortgage. The complainant answered the petition of defendant, and set up that she is 36 years old, and has a prospect of life of 31 years;

that the present cash value of the decree for alimony according to her prospect of life is upwards of $33,000; that the property in the city of Detroit upon which she has a lien is worth $75,000 and is subject to prior liens of $30,-000; that property of the value of $12,000 is not adequate security for the payment of her alimony; that the land in Ecorse is in a farming community, can only be used for farming purposes, is not good, productive farm land, and is not worth to exceed $10,000 or thereabouts, and that it would be unfair to compel her to accept a lien upon that property in lieu of the property described in the decree. Some testimony was taken, and on the 13th of December last the court entered an order discharging the property described in the original decree from the lien, giving to the complainant in lieu thereof a lien subject to a first mortgage of $5,000 upon the property in the township of Ecorse, said order to become operative when a warranty deed conveying said property to defendant had been duly recorded. From this order the complainant has appealed.

In her brief it is said that the appeal presents two questions; one of them being whether property of the fair value of $12,000 is adequate security for the payment of $150 monthly as alimony during the lifetime of complainant or until she may remarry. It is not claimed that the court was without power to insert such a provision in the decree. We think the question is not before us for decision. It was a subject for consideration when the original decree was granted. Nothing is now presented upon that subject which might not have been presented at the hearing of the divorce case. This is not a proceeding under the statute (3 Comp. Laws, § 8641), for a modification of the original decree, and, if it were, it does not appear that any facts have arisen since the entry of the decree or that any change has taken place in the condition of the parties requiring or warranting a modification of the decree. See *Perkins* v. *Perkins*, 12 Mich. 456; *Chandler* v. *Chandler*, 24 Mich. 176; *Reynolds* v. *Reynolds*, 115 Mich. 378 (73 N. W. 425).

The other question is whether the testimony produced in the court below shows the substituted property to be fairly worth $12,000. We think it does, and that upon this subject there is no fair dispute.

The decree is affirmed, but without costs.

Hooker, Moore, Blair, and Stone, JJ., concurred.