## QUINN v. QUINN.

1. DIVORCE — ALIMONY—MODIFICATION OF DECREE—CHANGED CONDITIONS.

> Under 3 Comp. Laws 1915, § 11417, modification of the provisions for alimony in a divorce decree is justified only by a change in the condition of the parties.

2. SAME—MODIFICATION AUTHORIZED BY CHANGED CONDITIONS.

> A showing that plaintiff's monthly income is now $175, which is much more than it was when the decree was granted, and that defendant's is less than $100, which is somewhat less than when the decree was granted, held, to authorize an order of the court below reducing defendant's weekly payments for each of the three children from $7 to $6.

Appeal from Ottawa; Cross (Orien S.), J.     Submitted January 16, 1924.     (Docket No. 76.)     Decided March 5, 1924.     Rehearing denied June 2, 1924.

Bill by Clara Quinn against John Quinn for a divorce: On petition of defendant for a modification of the decree.     From an order granting the petition, plaintiff appeals.     Affirmed.

On modification of divorce decree because of changed conditions, see note in 44 L. R. A. (N. S.) 1026.

*Charles E. Misner,* for plaintiff.

*Robinson & Parsons,* for defendant.

FELLOWS, J.    The circuit court for the county of Ottawa, in chancery, granted plaintiff a decree of divorce August 8, 1921.    Defendant was required by the decree to pay the balance due on furniture given plaintiff by the decree amounting to $193.    He was required to pay for the support of three minor children the sum of $5 a week for each child during the balance of that year, $6 a week for each child during 1922, and $7 a week for each child thereafter until they each reach the age of 16 years.    This is a petition filed by defendant under section 11417, 3 Comp. Laws 1915, to modify the decree as to the latter provision.    Upon the hearing in the court below such modification was granted and the weekly payments for each child was fixed at $6.    Plaintiff appeals.

Neither party at the date of the decree seem to have been possessed of any property other than the furniture given the wife and neither is possessed of property at the present time.    Defendant has made all payments required by the decree.    It is settled that the proceeding under the statute in question is not a rehearing of the original case but is justified only by a change in the condition of the parties.    In the recent case of *Sherman* v. *Kent,* 223 Mich. 200, it was held (quoting from the syllabus) :

"An application to modify and revise provisions for alimony in a divorce decree is not a rehearing of the original decree, or a review of the equities of the original decree, but the court considers the changed conditions of the parties and revises the decree as present conditions require."

See, also, *Perkins* v. *Perkins,* 12 Mich. 456; *Reynolds* v. *Reynolds,* 115 Mich. 378; *Smith* v. *Smith,* 139 Mich. 133.

Defendant is by trade a tool-maker and it is stressed

by plaintiff's counsel that when the case was heard he was only earning $16.50 a week in following such trade, and that at present tool-makers are able to earn a much larger weekly wage. But the record is convincing that defendant's then weekly wage was but a temporary one due to a slacking of demand for tool-makers, and that shortly before and soon after the hearing of the case he earned at least $30 a week in his trade. For some time he worked at his trade and did the janitor work at the Elks Temple until he paid up the furniture bill; he was unable to stand the strain of both jobs and continued with the Elks where he receives $15 a week for janitor services and makes some profit from the sale of cigars, candies, etc., bringing his income up to $23 or $24 a week. There is considerable disinterested testimony in the case that the demand for tool-makers in Grand Haven where he lives is fluctuating and doubtless his earnings at his present job are equal to what he would be able to earn at his trade. Plaintiff's mother is now living with her and looking after the children. Plaintiff is now earning $20 a week and receives a revenue from rooms she rents. Plaintiff's present income including what she receives from defendant approximates $175 a month while that of defendant is less than $100 a month. We think a sufficient change in the condition of the parties is shown to authorize the order appealed from.

It will be affirmed, without costs.

CLARK, C. J., and McDONALD, BIRD, SHARPE, MOORE, STEERE, and WIEST, JJ., concurred.