TEXTER *v.* TEXTER.

1. DIVORCE—ALIMONY DECREE MAY BE MODIFIED ON SHOWING OF CHANGED CONDITIONS JUSTIFYING IT.
   Under 3 Comp. Laws 1915, § 11417, court may modify decree for alimony on a showing of changed conditions justifying it.

2. SAME—MODIFICATION OF DECREE NOT JUSTIFIED ON SHOWING MADE.
   Modification of decree for alimony of $5 per week by discharging husband from further obligation on payment of $500 was

not justified on showing that wife had to support herself and two daughters, that she had paid $300 for medical services for one of them, that she still owed $250 to church school for them, and for a time had paid $20 per month for care of one daughter in special school, and that she was earning $40 per month and tips not exceeding $1 in any day, while husband, who admitted being $500 in arrears, and who was earning $20 per week and meals at time decree was entered, is now earning $60 per week and meals.

3. Same—Appeal and Error—Questions Reviewable.

Attachment proceedings brought by wife against husband for nonpayment of alimony not being before Supreme Court on appeal from order modifying decree for alimony, Supreme Court is not called upon to determine amount husband is in arrears, nor may it divert to wife sum paid by husband into court in compliance with amended decree, where latter is reversed.

4. Same—Laches Claim is Defensive in Character.

Husband's claim of laches by wife barring her right to enforce alimony decree is defensive in character, and may not be made sole basis of affirmative relief to him on his petition for modification of said decree.

Appeal from Kent; Perkins (Willis B.) J. Submitted April 9, 1930. (Docket No. 25, Calendar No. 34,568.) Decided June 2, 1930.

Bill by Helen R. Texter against George H. Texter for separate maintenance. Decree of divorce for plaintiff. From an order amending the decree in respect to alimony, plaintiff appeals. Reversed, and remanded.

*Irving H. Smith,* for plaintiff.

*Willis B. Perkins, Jr.,* for defendant.

Fead, J. Plaintiff appealed from an order, entered April 23, 1929, amending a decree of divorce

granted October 9, 1917, in which plaintiff was awarded $5 per week as "permanent alimony," the amendment providing full discharge of defendant on payment of $500.

Plaintiff had been awarded custody of two daughters, Helen, who became 16 years of age May 16, 1929, and Evelyn, who will be 16 in December, 1930. The decree made no provision for their support. From the stipulation on file in the original cause, it is evident that the "alimony" was intended for the support of the children.

Defendant has paid considerable sums, but has not fulfilled the decree. He admitted he owed $500. Plaintiff claimed he owed about $1,400. He accounted and produced receipts for some $1,400 paid, and claimed loss of checks and post office and express receipts for $1,140. His story of the loss was not convincing; and although the court made repeated efforts to obtain definite information of the amount unpaid, the testimony of neither party was satisfactory. In March, 1923, and October, 1928, plaintiff brought attachment proceedings against defendant for nonpayment of the allowance. The latter proceeding was the occasion for his present petition.

The court may modify a decree for alimony (3 Comp. Laws 1915, § 11417), on a showing of changed conditions justifying it. *Quinn* v. *Quinn,* 226 Mich. 239; *Reynolds* v. *Reynolds,* 115 Mich. 378; *Kutchai* v. *Kutchai,* 233 Mich. 569. At the time of decree, defendant earned $20 per week and meals. At the time of modification, he earned $60 per week and meals. Plaintiff's earnings at the time of decree were not shown, but at the time of modification she worked as waitress for $40 per month and tips not exceeding $1 in any day. She had paid $300 for

medical services for Helen, owed $250 to a church school for the girls, and for a time had been paying $20 per month for the care of Evelyn in a special church school. She still had the burden of supporting the daughters when the order of modification was made. Because of the size of the original award, defendant's increased income, and plaintiff's extraordinary expense for the children, we do not think the showing of changed conditions justified modification.

The attachment proceeding is not before us, and we are not called upon to determine the amount of defendant's unpaid obligations. Nor have we authority to divert to plaintiff the sum defendant paid into court in compliance with the amended decree. We think the present record does not support defendant's claim of such laches by plaintiff as would constitute a bar to her enforcement of the decree. In any event, that issue is not properly in this case, as it is defensive in character, to be set up against affirmative relief sought by plaintiff, and cannot be made the sole basis of affirmative relief to defendant.

The order modifying the decree will be reversed, and the cause remanded to the circuit court, with permission to take such further proceedings as may be proper from time to time. Plaintiff will have costs.

WIEST, C. J., and BUTZEL, CLARK, McDONALD, POTTER, SHARPE, and NORTH, JJ., concurred.