BROADWELL *v.* BROADWELL.

DIVORCE—ALIMONY—CHANGE OF CIRCUMSTANCES.

> Decree whereby alimony awarded to wife in former decree is increased from $100 per month to $200 is set aside, on appeal, where record fails to show such change of circumstances on part of parties as justifies said increase.

Appeal from Wayne; Jayne (Ira W.), J. Submitted November 2, 1932. (Docket No. 158, Calendar No. 36,629.) Decided December 6, 1932.

Divorce proceedings between Louis O. Broadwell and Allie M. Broadwell. On petition of defendant for increase in alimony. Cora W. Broadwell, widow of Louis O. Broadwell, appeals from decree for defendant. Modified.

*Retan & Zeleznik (Chandler & Culver,* of counsel), for appellant.

*Lucking, Van Auken & Sprague (Fred J. Schumann,* of counsel), for appellee.

NORTH, J. This is an appeal from a decree entered in the circuit court of Wayne county by which the alimony decreed to Allie M. Broadwell in this court in 1923 (see *Broadwell* v. *Broadwell,* 223 Mich. 641) was increased from $100 per month to $200 per month, payment to continue during the lifetime of Mrs. Allie M. Broadwell. Louis O. Broadwell, plaintiff in the case, died March 29, 1929. In April, 1927, he was remarried to Cora W. Broadwell. At or

---

On modification of alimony because of changed conditions, see annotation in 44 L. R. A. (N. S.) 1026.

As to remarriage of husband, see annotation in 62 L. R. A. 975; L. R. A. 1915F, 820; 30 A. L. R. 79; 37 A. L. R. 441; 42 A. L. R. 602.

On death of husband as affecting alimony, see annotation in 18 A. L. R. 1040.

about the time of this marriage Mr. Broadwell conveyed to her property in the city of Detroit known as the Broadwell hotel. By decree in the original case, payment of the alimony awarded to Mrs. Allie M. Broadwell was made a lien upon the Broadwell hotel property; and this lien is perpetuated incident to the increase in the alimony from which this appeal is taken. Under the circumstances, the real party in interest, as against the decreed increase in alimony, is the second Mrs. Broadwell, and she is the appellant herein.

At the circuit reference was made to Edward Pokorny, as friend of the court, to take testimony and make recommendations to the court thereon. The following is from the recommendation made:

"It is the opinion of the friend of the court who has heard the testimony as notary public, that the petitioner, Allie M. Broadwell, has failed to show a material change of circumstances upon the part of her former husband or herself justifying an increase of permanent alimony."

Notwithstanding the recommendation of the friend of the court, the circuit judge was of the opinion that there had been a change of circumstances in that Mrs. Allie M. Broadwell was not receiving financial assistance from a son by a former marriage which she had theretofore received, and because "of her increasing age and accompanying poor physical condition." In view of other facts and circumstances disclosed by the record, we are unable to agree that such a change of circumstances has been shown as justifies the increase in the amount of alimony decreed. In this connection, the record discloses that Mr. Broadwell made investments which in recent years have become practically

worthless, and that other items of his property, including the Broadwell hotel, have greatly depreciated both as to value and income. In other words, the value of the property which might be referred to as Mr. Broadwell's estate has very materially diminished. Under the record, we are constrained to hold that the modification of the decree must be set aside. Decision is controlled by *Smith* v. *Smith,* 139 Mich. 133; *Gould* v. *Gould,* 226 Mich. 340.

This record discloses that there was default in the payment of the decreed alimony of $100 for the month of May, 1929, and a like amount accruing each month thereafter. As to these instalments to date appellee is entitled to an order for immediate payment, and in default of such payment within 30 days she may foreclose her lien against the Broadwell hotel property.

A decree may be taken in this court in accordance herewith, provided, however, that taxable costs of this court in favor of appellant may be deducted from the amount otherwise due appellee.

CLARK, C. J., and McDONALD, POTTER, SHARPE, FEAD, WIEST, and BUTZEL, JJ., concurred.